IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TARANEH VESSAL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION FILE |
| | ) | CASE NO 1:15-cv-02209 |
| CITIBANK (SOUTH DAKOTA), N.A., THE | ) | |
| LAW OFFICES OF BLATT, | ) | |
| HANSENMILLER, LIEBSKER & | ) | |
| MOORE, LLC, and IRYNA | ) | |
| MARTYNIV NIRO, ESQ., | ) | |
| | ) | |
| Defendants. | | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION TO
VACATE ARBITRATION AWARD AND
CROSS-CLAIM TO CONFIRM ARBITRATION AWARD**

Defendant Citibank, N.A., successor in interest to Citibank (South Dakota), N.A.

("Citibank") hereby answers the allegations in Plaintiff's Petition to Vacate Arbitration Award

(the "Petition to Vacate") as follows:

**1.    This application is filed pursuant to Federal Arbitration Act, (9 U.S.C. §§ 10,**

**11).**

**RESPONSE:** Citibank admits Plaintiff filed this application pursuant to the Federal Arbitration
Act, (9 U.S.C. §§ 10, 11) but states no response is required to Paragraph 1 of the Petition since it
describes Plaintiff's claims and does not contain any allegations as to Citibank. To the extent a
response is required, Citibank denies that Plaintiff has stated a claim for relief and denies that
Plaintiff is entitled to any relief whatsoever.

**2.    Attached hereto is a certified copy of the Arbitrators' award entered by**

**JAMS arbitration forum on November 26, 2014. Exhibit (1).**

**RESPONSE:** Citibank admits that the Petition attached as Exhibit 1 is a true and correct copy
of the Arbitration Appeal Final Award issued by a JAMS Arbitration Appeal Panel (the "Appeal
Arbitration Award"). Further, Citibank states that the terms of the Arbitration Appeal Final
Award are included therein and must be read in its entirety. Citibank lacks sufficient information

to either admit or deny the remaining allegations in Paragraph 2 and, pursuant to Rule 8(b)(5), denies the same.

## ALLEGED FACTS

**1.      This case initially arose out of a dispute regarding a credit card account that Taraneh Vessal (Hereinafter, the Petitioner) opened with Citibank in 1988.**

**RESPONSE:** Citibank admits that this case arises from Plaintiff's claims relating to her Citibank credit card currently ending in account number 4468, which was opened in 1988 (the "Account") and for which the $18,659.65 Appeal Arbitration Award was issued in Citibank's favor. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 1 and, pursuant to Rule 8(b)(5), denies the same.

**2.      In 2009, the Petitioner closed the account because of Citibank's failure to investigate a dispute.**

**RESPONSE:** Citibank admits that Plaintiff closed the Account in 2009. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 2 and, pursuant to Rule 8(b)(5), denies the same.

**3.      The credit card agreement ("card agreement") included an agreement to arbitrate any disputes.**

**RESPONSE:** Citibank admits that the card agreement governing the Account (the "Card Agreement") includes an arbitration provision (the "Arbitration Provision"), which Plaintiff relied upon in compelling arbitration that resulted in the Appeal Arbitration Award. Citibank denies the remaining allegations in Paragraph 3.

**4.      In April of 2010, Citibank through its attorneys Blatt, Hasenmiller Leibsker & Moore, Iryna Martyniv-Niro (Hereinafter, the Respondents) initiated a lawsuit against the Petitioner.**

**RESPONSE:** Citibank admits that it filed suit, by and through its attorneys, Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), against Plaintiff to collect the Account in April 2010 (the "Collection Lawsuit"). Citibank denies the remaining allegations in Paragraph 4.

**5.      In May of 2010, the Respondent law firm contacted the Petitioner for the first time to notify her of a pending law suit. (It is noteworthy to mention that the Petitioner was served in November of 2010, approximately eight months after the suit was filed).**

**RESPONSE:** Citibank admits that BHLM attempted to collect the Account and attempted to contact Plaintiff in 2010. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 5 and, pursuant to Rule 8(b)(5), denies the same.

6. **Prior to the service, in June of 2010, Petitioner sent a certified letter to BHLM electing to resolve the dispute in the arbitration forum listed in the Credit Card agreement. Petitioner requested that the Respondents produce to her a copy of the agreement they relied upon when they filed their law suit.**

**RESPONSE:** Citibank admits that BHLM attempted to collect the Account and attempted to contact the Plaintiff in 2010. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 6 and, pursuant to Rule 8(b)(5), denies the same.

7. **The Respondents signed for the letter, but failed to respond.**

**RESPONSE:** Citibank admits that BHLM attempted to collect the Account and attempted to contact the Plaintiff in 2010. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 7 and, pursuant to Rule 8(b)(5), denies the same.

8. **In November of 2010, Petitioner filed a demand for arbitration with JAMS arbitration forum for a dispute over a credit card issued by Citibank N.A., and for violations of consumer protection statutes.**

**RESPONSE:** Citibank admits that Plaintiff filed items with JAMS beginning in 2010. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 8 and, pursuant to Rule 8(b)(5), denies the same.

9. **JAMS acknowledged the filing and notified all parties of the demand for arbitration. Exhibit (2)**

**RESPONSE:** Citibank admits that Plaintiff filed items with JAMS beginning in 2010. Citibank states the provisions of Exhibit (2) attached to Plaintiff's Petition are included therein and must be read in its entirety, and thus denies the remaining factual allegations of Paragraph 9 of the Petition related to Exhibit (2)'s contents or meaning. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 9 and, pursuant to Rule 8(b)(5), denies the same.

10. **Petitioner thereafter filed a motion to compel arbitration of Respondents' claim, The Circuit Court, denied the motion. An interlocutory appeal was taken by**

**Petitioner pursuant to Supreme Court Rule 307(a)(1)(188 Ill.2d R. 307(a)(1)). The appellate court found that the arbitration clause in the card agreement was enforceable and ordered the parties to proceed with arbitration.**

**RESPONSE:** Citibank admits that Plaintiff filed a motion to compel arbitration in the Collection Lawsuit, which the judge in the Collection Lawsuit denied, and that an interlocutory appeal later found the Arbitration Provision in the Card Agreement enforceable and ordered the parties to proceed with arbitration. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 10 and, pursuant to Rule 8(b)(5), denies the same.

**11.    On January 12th of 2012, Respondents voluntarily dismissed the Cook County case against the Petitioner. Exhibit (3)**

**RESPONSE:** Citibank admits that it dismissed the Collection Lawsuit without prejudice in 2012. Citibank states the provisions of Exhibit (3) attached to Plaintiff's Petition are included therein and must be read in its entirety, and thus denies the remaining factual allegations of Paragraph 11 of the Petition related to Exhibit (3)'s contents or meaning. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 11 and, pursuant to Rule 8(b)(5), denies the same.

**12.    Up until July of 2012, the Respondents refused to submit to arbitration, and pay their fees.**

**RESPONSE:** Citibank denies the allegations in Paragraph 12.

**13.    Approximately two months after the JAMS final request for payment and threat of dismissal, the Respondents paid their initial fees and JAMS action was commenced. Exhibit (4)**

**RESPONSE:** Citibank admits that the initial JAMS arbitration action was commenced in 2012 (the "Initial Arbitration"). Citibank states the provisions of Exhibit (4) attached to Plaintiff's Petition are included therein and must be read in its entirety, and thus denies the remaining factual allegations of Paragraph 13 of the Petition related to Exhibit (13)'s contents or meaning. Citibank denies the remaining allegations.

**14.    On or about August of 2012, BHLM, acting as an agent or assignee of Citibank, filed an Answer and Counterclaim within the assigned arbitration case in an attempt to collect a debt.**

4

**RESPONSE:** Citibank admits that it filed an answer and counterclaim in the Initial Arbitration. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 14 and, pursuant to Rule 8(b)(5), denies the same.

15. **The arbitration proceeded with the in-person hearing being held on March 12th, 2013 at the JAMS office in Chicago.**

**RESPONSE:** Citibank admits that an in-person hearing was held in the Initial Arbitration in 2013. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 15 and, pursuant to Rule 8(b)(5), denies the same.

16. **The Award was issued on June, 27th, 2013.**

**RESPONSE:** Citibank admits that an arbitration award in Citibank's favor was issued in the Initial Arbitration (the "Initial Arbitration Award"). Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 15 and, pursuant to Rule 8(b)(5), denies the same.

17. **Petitioner filed a Notice of Appeal with JAMS on the day the award was issued, in which she requested a "new arbitration" before a panel of three neutral arbitrators in accordance with the terms and conditions of the Citibank agreement. Petitioner paid the $250 consumer required fees for the appeal, which was described as "anew."**

**RESPONSE:** Citibank admits that Plaintiff filed an appeal with JAMS after issuance of the Initial Arbitration Award (the "JAMS Appeal"). Citibank denies Plaintiff's characterization of the terms and conditions of the Card Agreement and states the Card Agreement must be read in its entirety, and thus denies the remaining allegations of Paragraph 17 of the Petition related to the Card Agreement's contents or meanings. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 17 and, pursuant to Rule 8(b)(5), denies the same.

18. **Citibank's appeal Provision states: "When is an arbitration award final? The arbitrator's award is final and binding on the parties unless a party appeals it in writing to the arbitration firm within fifteen days of notice of the award. The appeal must request a new arbitration before a panel of three neutral arbitrators designated by the same arbitration firm. The panel will consider all factual and legal issues anew, follow the**

**same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority." (Emphasis added)**

**RESPONSE:** Citibank admits that Arbitration Provision contains an appeal process. To the extent that Paragraph 18 of the Petition repeats the exact text of the Card Agreement, Citibank admits that the recitation is true and accurate; however, the Card Agreement must be read in its entirety, and thus Citibank denies the remaining allegations of Paragraph 18 of the Petition related to the Card Agreement's contents or meanings. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 18 and, pursuant to Rule 8(b)(5), denies the same.

19. **Respondents constant delaying tactics resulted in an unnecessary delay in commencement of the Appeal, Respondents did not pay for their share of the Arbitration Appeal fees until November of 2013.**

**RESPONSE:** Citibank denies the allegations in Paragraph 19.

20. **Soon thereafter, the appeal commenced applying JAMS Comprehensive Arbitration Rules and Consumer Minimum Standard Procedures and a new case number was assigned.**

**RESPONSE:** Citibank admits that JAMS Appeal proceeded with a new case number, there was another in-person hearing, and the Appeal Arbitration Award was ultimately issued. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 20 and, pursuant to Rule 8(b)(5), denies the same.

21. **On December 9th, 2013, Petitioner refiled the same Statement of Claim that was filed in the first arbitration.**

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 21 and, pursuant to Rule 8(b)(5), denies the same.

22. **According to the JAMS Comprehensive Rules; Rule 9 (a) requires; "Each party shall offer all other parties reasonable and timely notice of its claims, affirmative defenses or counterclaims. Any such notice shall include a short statement of its factual basis. No Claim, remedy, counterclaim or affirmative defense will be considered by the arbitrator in the absence of such prior notice to the other parties......," under Rule 9(b)**

**Respondents had 14 days to file their response or Counterclaim, and Rule 9 (C); allows**

**Claimant 14 days to respond to it."**

**RESPONSE:** To the extent that Paragraph 22 of the Petition repeats the exact text of the JAMS Comprehensive Rules, Rules 9(a), (b) and (c), Citibank admits that the recitation is true and accurate; however, the JAMS Comprehensive Rules must be read in their entirety, and thus Citibank denies the remaining allegations of Paragraph 22 of the Petition related to the JAMS Comprehensive Rules' contents or meanings. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 22 and, pursuant to Rule 8(b)(5), denies the same.

23.     **Respondents did not file an answer or counterclaim, thereby waiving their**

**right to file their counterclaim.**

**RESPONSE:** Citibank denies the allegations in Paragraph 23.

24.     **The first teleconference with the Tripartite Panel (hereinafter "The Panel")**

**was held on April 4th, 2014, with the Respondent Niro and the Petitioner both in**

**attendance.**

**RESPONSE:**  Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 24 and, pursuant to Rule 8(b)(5), denies the same.

25.     **The Chairman of the Panel listed the material which the Panel had before it.**

**The documents consisted of the following; a Copy of the "Award" issued on June 27th,**

**2013, "Claimant's right to preserve the Appeal" filed on June 26th, 2013, "Claimant's**

**Objection to the Award" filed on June 27th, 2013,"Claimant's Objection to the JAMS**

**Optional Appeal" filed on July 25th, 2013, and "Claimant's Claim and Exhibits," filed on**

**December 9th, 2013.**

**RESPONSE:**  Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 25 and, pursuant to Rule 8(b)(5), denies the same.

26.     **The Petitioner raised objection to the Panel's review of the null Award, but**

**the harm was done as soon as the disclosure was made to the Panel, because it placed the**

**Petitioner in a lose-lose situation.**

**RESPONSE:** Citibank denies that any harm was done or that Plaintiff was in a "lose-lose situation." Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 26 and, pursuant to Rule 8(b)(5), denies the same.

27.     **There was a procedural argument raised prior to the commencement of the Arbitration and had to do with the Petitioner's objections to the JAMS Optional Appeal Procedure over the enforceability of Citibank's Contractual Appeal provision. The Chairman ordered the parties to submit their respective arguments by a written Motion for the Panel to consider.**

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 27 and, pursuant to Rule 8(b)(5), denies the same.

28.     **During the teleconference, The Chairman asked Respondent Attorney (Niro) if she had represented Citibank in the first arbitration. Niro's response was: "Yes and we filed our Counterclaim in the first arbitration. "The Chairman then suggested that Niro should file Citibank's Counterclaim together with the subject Motion by April 30th, 2014. (Exhibit (A) Affidavit of the Petitioner, April 4th call)**

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 28 and, pursuant to Rule 8(b)(5), denies the same.

29.     **The Petitioner was to respond to the Respondents by May 21st, 2014.**

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 29 and, pursuant to Rule 8(b)(5), denies the same.

30.     **On April l0th, 2014, Petitioner sent an email to the Respondents, copied to all assigned Case Managers, demanding that any filing by either party to the arbitration be submitted in two formats, electronic and regular mail, so as to avoid delays and to ensure certification.**

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 30 and, pursuant to Rule 8(b)(5), denies the same.

31.     On April 30th, 2014, Respondents filed a one page Motion titled "Motion to Establish JAMS Optional Appeal Procedure," attached to a Citibank Card agreement marked as "defendant's copy." The Respondents did not file their counterclaim.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 31 and, pursuant to Rule 8(b)(5), denies the same.

32.     In her reply Motion, Petitioner argued that the Panel's exposure to the First Arbitration Award and the old documents was prejudicial because the Award was void upon the Appeal.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 32, and, pursuant to Rule 8(b)(5), denies the same.

33.     *Inter alia*, Petitioner requested the panel to recuse itself based on its acknowledgement of reviewing the null award which posed a real threat to the fairness of the appeal.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 33 and, pursuant to Rule 8(b)(5), denies the same.

34.     On June 6th, Petitioner filed motion to "Cease ex-parte Communication' requesting all communications and exchanges between JAMS and the Respondents be disclosed to her. Exhibit (5)

**RESPONSE:** Citibank states Exhibit (5) attached to Plaintiff's Petition speaks for itself and must be read in its entirety, and thus denies the factual allegations of Paragraph 34 of the Petition related to Exhibit (5)'s contents or meaning. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 34 and, pursuant to Rule 8(b)(5), denies the same.

35.     On June 10th, the Panel issued a decision which read: "If Ms. Vessal's argument is that any reference to prior appeal proceeding and any reference to what happened in that hearing is not to be considered, then the panel agrees. However, there is nothing contained in the Respondent's Motion that includes any prior submitted evidence.

It in fact references only the Vessal Appeal document. If there is an objection to the copy of the Citibank Agreement being attached and not destroyed, again this is not a document provided by JAMS to the panel..."

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in paragraph 35 and, pursuant to Rule 8(b)(5), denies the same.

36. The Panel's decision affirmed that Citibank's only submission on April 30th, 2014, was a single page motion with a card agreement attached. Nothing else was submitted to the Panel for review.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 36 and, pursuant to Rule 8(b)(5), denies the same.

37. The Panel agreed with the Petitioner that the Appeal proceed "anew" per the terms of Citibank's Appeal clause. In the same tone, the Panel refused to recuse itself.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 37, and therefore, per Rule 8(b)(5) this has the effect of a denial.

38. The Panel denied Citibank's reasoning and ruled that Appeal proceeding should be in accordance with the contractual Appeal.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 38 and, pursuant to Rule 8(b)(5), denies the same.

39. The panel set the rules for the proceeding, but the Respondents were less than forthcoming and refused to respond to the Petitioner's discovery requests.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 39 and, pursuant to Rule 8(b)(5), denies the same.

40. On August 5th, 2014, Petitioner demanded a hearing by telephone to resolve the conflicts in accordance to JAMS Comprehensive rule 17(a).

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 40 and, pursuant to Rule 8(b)(5), denies the same.

41.     On August, 7th, a teleconference was held and the panel ordered the

Respondents to respond to the Petitioner's discovery requests.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 41 and, pursuant to Rule 8(b)(5), denies the same.

42.     Once again, on Wednesday August, 13th, Petitioner requested another call

with the panel to compel Respondents to answer in accordance to JAMS rules.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 42 and, pursuant to Rule 8(b)(5), denies the same.

43.     The panel disregarded the Petitioner's request, which was in compliance

with the JAMS Comprehensive rule 17 (d) and did not schedule a teleconference as it was

required by the rules.

**RESPONSE:** Citibank denies the allegations in Paragraph 43.

44.     On September 2nd, 2014 Petitioner filed a "Motion in Liminie" to preclude

documents related to an alleged debt that was not counterclaimed for in the new

arbitration.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 44 and, pursuant to Rule 8(b)(5), denies the same.

45.     The Panel denied Petitioner's Motion, even though, Respondents never filed

a claim.

**RESPONSE:** Citibank denies the allegations in Paragraph 45.

46.     Petitioner filed a motion to reconsider, which was also denied.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 46 and, pursuant to Rule 8(b)(5), denies the same.

47.     Respondents filed an objection to petitioner's Motion in Liminie, in which

they stated; "Claimant misconstrues the meaning of "anew" as used in panels' decision and

JAMS rules. Reviewing issues anew simply means that the panel is going to decide all facts,

evidences and arguments anew-this does not mean the parties will issue new pleadings or claims. This proceeding is not a new claim, but an appeal from previously decided claims which are to be reviewed and decided by a panel of three neutral arbitrators. As such, all claims previously filed, both on behalf of Claimant and the bank are subject to new review by this panel."

RESPONSE: Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 47 and, pursuant to Rule 8(b)(5), denies the same.

48.     Despite the Panel's ruling on the contractual procedure of the appeal, the Respondents failed to follow proper procedure. There was no "previously filed counterclaim "to be reviewed, because Respondents admittedly did not file one.

RESPONSE: Citibank denies the allegations in Paragraph 48.

49.     Despite the unresolved discovery issues, the arbitration hearing took place on September 16th, 2014, at JAMS Chicago. During the opening statement, Respondent's attorney requested all of Petitioner's claims to be denied, claiming the expiration of the statute of limitations. The Chairman made this statement; "if the Respondents are to bring a demand for money without filing counterclaim, then Claimant's claim shall remain protected to be fair to all parties."

RESPONSE: Citibank admits an arbitration hearing took place on September 16, 2014 at JAMS Chicago. Citibank denies that there were unresolved discovery issues at the time the arbitration hearing took place. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 49 and, pursuant to Rule 8(b)(5), denies the same.

50.     Petitioner addressed the statute of limitations on the alleged debt by referring to documents provided during discovery in which Citibank was reporting the date of the default to be September 1st of 2009.

RESPONSE: Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 50 and, pursuant to Rule 8(b)(5), denies the same.

51.     At the conclusion of the hearing the panel ordered each party to file a post

hearing brief.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in
Paragraph 51 and, pursuant to Rule 8(b)(5), denies the same.

52.     The post hearing brief was due on October 17th, thirty days after the final

hearing.

**RESPONSE:** Citibank lacks sufficient information to either admit or deny the allegations in
Paragraph 52 and, pursuant to Rule 8(b)(5), denies the same.

53.     In their post hearing brief, Respondents asked for the balance.  The demand

for money was made after the Illinois Statute of limitations expired, that being five years.

**RESPONSE:** Citibank denies that the Illinois statute of limitations applied and, if it did, that it
expired.  Citibank lacks sufficient information to either admit or deny the remaining allegations
in Paragraph 53 and, pursuant to Rule 8(b)(5), denies the same.

## ARGUMENT

### The Alleged Standard Governing Vacatur of Arbitration Awards

54.     Review of an arbitration award is governed generally by the Federal

Arbitration Act, which provides that; (1)" an arbitration award may be vacated if; the

award was procured by fraud, corruption or undue means; (2) the arbitrators exhibit

evident partiality or corruption;(3) The arbitrators were guilty of misconduct or; (4) the

arbitrators exceeded their power.  In "Wise v. Wachovia Sec. LLC",450 F.3d 265,269 (7th

Cir.2006),cert. denied, 127 S. Ct. 582 (2006) the court held that the doctrine of manifest

disregard of the law was a situation in which the arbitrators had exceeded their powers,

putting the doctrine squarely within 9 U.S.C.§ 10 (a)(4). An award may also be vacated

based on manifest disregard of the evidence or violation of a well-established public policy.

**RESPONSE:**  This paragraph seeks legal conclusions and thus no response is necessary. To the
extent Paragraph 54 contains factual allegations, Citibank lacks sufficient information to either
admit or deny the allegations in Paragraph 54 and, pursuant to Rule 8(b)(5), denies the same.

55.     Pursuant to 9 USC§ 10(a)(3) an arbitration award maybe vacated due to a lack of "procedural due process "or if the decision rendered is fundamentally unfair or consequently prejudiced a losing party.

**RESPONSE:** This paragraph seeks legal conclusions and thus no response is necessary. To the extent Paragraph 55 contains factual allegations, Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 55 and, pursuant to Rule 8(b)(5), denies the same.

56.     In the instant action, the Panel agreed to conduct the arbitration per the terms of the Citibank appeal clause, which stated that the arbitration must be conducted anew following the same procedures as the first arbitration. And as noted by JAMS rules, to which the parties contractually agreed to be bound by, requires that the parties follow a certain procedure indicated in the Comprehensive Rules. "Shearson Lehman Bros., Inc. v. Hedrich, 639 N.E.2d 228, 232 (1st Dist. 1994),"the arbitrators' authority is limited by the unambiguous contract language. The ultimate award must be grounded on the parties' contract and arbitrators do not have the authority to ignore plain language and alter the agreement.'" Id. (internal citations omitted)."First Merit Realty Services. Inc. v. Amberly Square Apartments. L.P.", 373 Ill. App. 3d 457,869N.E.2d 394 (1st Dist. 2007),"the First District vacated an arbitration award because the arbitrators had failed to follow the language contained in certain termination provisions in the contracts at issue." "An award based on the arbitrator's personal or policy views rather than on the contract is unenforceable. Alexander v. Gardner-Denver Co.. 415 U.S.36, 53, 94 S. Ct. 1011, 1022,39 L.Ed.2d 147 (1974)."

**RESPONSE:** Citibank denies Plaintiff's characterization of the terms and conditions of the Card Agreement and states that the Card Agreement and JAM rules must be read in their entirety, and thus denies the remaining allegations of Paragraph 56 of the Petition related to the JAMS rules and Card Agreement's contents or meanings.

Further, this paragraph seeks legal conclusions and thus no response is necessary. To the extent Paragraph 56 contains factual allegations, Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 56 and, pursuant to Rule 8(b)(5), denies the same.

57.    **The Arbitration Panel acted in manifest disregard of the law, exceeded its powers, and violated Petitioner's due process rights when it did not follow the contract or the JAMS Comprehensive Rules and considered an undisclosed debt claim and issued an award in favor of the Respondents.**

**RESPONSE:** Citibank denies the allegations in Paragraph 57.

**Statute of Limitations**

58.    **735 ILCS 5/13-205 (five-year limitation) the Code eschews the term "actions" for the singular "action." Though it does not define either term, the Code in section 5/2-201 does give a strong indication of what "action" means, stating, "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint."**

**RESPONSE:** This paragraph seeks legal conclusions and thus no response is necessary. To the extent Paragraph 58 contains factual allegations, Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 58 and, pursuant to Rule 8(b)(5), denies the same.

59.    **This indicates an "action" can only be a court proceeding where a complaint is filed. That interpretation is consistent with the 9th edition of Black's Law Dictionary, which defines "action" as a "civil or criminal judicial proceeding" and states "it is defined to be any judicial proceeding which, if conducted to a determination, will result in a judgment or decree."**

**RESPONSE:** This paragraph seeks legal conclusions and thus no response is necessary. To the extent Paragraph 59 contains factual allegations, Citibank lacks sufficient information to either admit or deny the allegations in Paragraph 59, and, pursuant to Rule 8(b)(5), denies the same.

60.    **At least one Illinois appellate opinion supports this definition, "Peoples Gas Light & Coke Co. v. Austin", 147 Ill. App.3d 26, 35, 497 N.E2d 790, 796 (1st Dist.1986) which holds an "action is commenced when the complaint is filed...and the filing of a**

complaint determines whether an action is instituted during the period prescribed by a statute of limitations," Based on the foregoing, making a demand for arbitration would not constitute commencement of an "action" because it does not require filing a complaint. Moreover, arbitrations do not result in a judgment or a decree.

**RESPONSE:** This paragraph seeks legal conclusions and thus no response is necessary. To the extent Paragraph 60 contains factual allegations, Citibank denies the allegations in Paragraph 60.

61. "Belleville Toyota. Inc. v. Toyota Motor Sales. USA. Inc" 738 NE 2d 938 (Ill: Appellate Court, 5th Dist. 2000),"Because the issue here concerns a statute of limitations, the law of the forum, Illinois, controls. Although a choice of law provision generally will be honored, the law of the forum will control as to statute of limitations matters because statutes of limitations are procedural, fixing the time in which the remedy for a wrong may be sought rather than altering substantive rights." In Belleville, the contract contained a California choice of law provision. The court applied California's substantive law, but applied Illinois law to the statute of limitations issue.

**RESPONSE:** This paragraph seeks legal conclusions and thus no response is necessary. To the extent Paragraph 61 contains factual allegations, Citibank denies the allegations in Paragraph 61.

62. "Peregrine Financial Group Inc. v. Futronix Trading, Ltd". No.1-09-2293 (Il1. 1st May 21, 2010) on appeal, the court noted that sec.13-205 of the Code of Civil Procedure explicitly includes "awards of arbitration" among the types of actions to which it applies. The court rejected the Plaintiff's argument based on public policy-that applying the five-year statute of limitations would run counter to Illinois public policy of enforcing arbitration awards. While it's true that Illinois has such a public policy, the court said, it also has a public policy to enforce statutes of limitations.

**RESPONSE:** This paragraph seeks legal conclusions and thus no response is necessary. To the extent Paragraph 62 contains factual allegations, Citibank denies the allegations in Paragraph 62.

63.     "Smither v. Asset Acceptance", No. 55A04-0902 CV-70 (Indiana Court of Appeals, 2010). "It is well-settled, that contractual choice of law provisions govern only the substantive law of any claims arising out of the contract; the law of the forum state where the suit is filed still governs procedure. A statute of limitation is a procedural constraint on when suit may be filed. Additionally, "the prevailing authority indicates that, unless the parties expressly agree to apply the statute of limitations of another state, general choice of law provisions in contracts incorporate only substantive law and do not displace the procedural law of the forum state."

RESPONSE: This paragraph seeks legal conclusions and thus no response is necessary. To the extent Paragraph 63 contains factual allegations, Citibank denies the allegations in Paragraph 63.

64.     "Telular Corp. v. Mentor Graphics Corp"., 2003 U.S. Dist. LEXIS 16096 (N.D.Ill., Sept 12). Judge Elaine E. Bucklo explained; "A federal court sitting in diversity applies the choice-of-law principles of the state in which it sits. This is true even where the litigants are parties to a contract containing a choice-of-law provision. "Refusing to let a contractual choice-of-law clause trump the Illinois rule requiring application of the forum state's statute of limitations is especially appropriate where, as here, the choice-of-law clause is boilerplate. Thus, Illinois law governs the statute of limitations issue here."

RESPONSE: This paragraph seeks legal conclusions and thus no response is necessary. To the extent Paragraph 64 contains factual allegations, Citibank denies that the Illinois statute of limitations applied and, if it did, that it expired. Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 64 and, pursuant to Rule 8(b)(5), denies the same.

65.     In the instant case, Petitioner's demand for arbitration was filed in November of 2010, the initial law suit was voluntarily dismissed in January of 2012, the first Award was nullified and the appeal did not toll the statute of limitation, because the Respondents filed no counterclaim to toll the statute.

**RESPONSE:** Citibank denies that the Illinois statute of limitations applied and, if it did, that it expired. To the extent Paragraph 65 contains factual allegations, Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 65 and, pursuant to Rule 8(b)(5), denies the same.

66.     Petitioner argues that if the Statute of limitations on her claim was not tolled during the arbitration then the same rule must also apply to the Respondents claim, rendering it forfeited.

**RESPONSE:** Citibank denies that the Illinois statute of limitations applied and, if it did, that it expired. To the extent Paragraph 66 contains factual allegations, Citibank lacks sufficient information to either admit or deny the remaining allegations in Paragraph 66 and, pursuant to Rule 8(b)(5), denies the same.

**9 USC §§10**

66.     FAA Sections 10, address egregious departures from the parties' agreed-upon arbitration: "corruption," "fraud," "evident partiality," "misconduct," "misbehavior," "exceed[ing]...powers," "evident material miscalculation," "evident material mistake,". "Americo Life, Inc. v. Myer", S.W.3d_, 2014 WL 2789429 (Tex. June 20, 2014). The Texas Supreme Court reversed the Appellate Court. The high court's analysis emphasized the fact that "arbitrators must be selected pursuant to the method specified in the parties' agreement" (It also found that the modified AAA rules could not trump terms in the agreement itself.)" [T]he arbitration panel was formed contrary to the express terms of the arbitration agreement. The panel therefore exceeded its authority when it resolved the parties' dispute."(citation omitted).

**RESPONSE:** This paragraph seeks legal conclusions and thus no response is necessary. To the extent Paragraph 66 contains factual allegations, Citibank denies the allegations in Paragraph 66.

67.     In their post hearing brief the Respondents referred to a 2004 Citibank Card agreement, and the panel erroneously relied on it for its decision. The agreement previously provided was a 2003 agreement. The arbitration decision also leaves

unanswered the question of when the purported arbitration agreement became

incorporated into the credit agreement between the Petitioner and the Citibank.

**RESPONSE:** Citibank admits it referred to a 2004 Citibank Card agreement in the post hearing brief BHLM submitted on its behalf. Citibank denies the remaining allegations in Paragraph 67.

68. **The panel also exceeded its authority when it dismissed the Petitioner's claim**

for exceeding the statute of limitation. The Panel was fully aware that JAMS was initiated

in 2010 and the entire proceeding was put on hold because of the Respondents' failure to

tender their fees. Because of the Respondents' inactivity, JAMS was unable to conduct the

proceeding.

**RESPONSE:** Citibank denies the allegations in Paragraph 68.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred, in whole or in part, on the grounds that they fail to

state a claim upon which relief can be granted as to Citibank and further fail to state facts

sufficient to entitle Plaintiff to the relief sought, or to any other relief.

2.     Plaintiff's alleged losses, if any, were proximately caused by her own decisions,

conduct, breach of contract, and/or negligence, not by any action or inaction on the part of

Citibank.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean

hands, estoppel, and laches.

4.     Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her

damages, if any.

5.     Plaintiff lacks standing to assert some or all of the claims made in the Complaint.

6.     Plaintiff's claims are barred, in whole or in part, by a failure of a condition

precedent.

7.      Plaintiff is barred and estopped from asserting her claims against Citibank, in whole or in part, because of Plaintiff's own actions and/or the actions of Plaintiff's agents.

8.      Plaintiff's claims are barred, in whole or in part, by the Federal Arbitration Act.

9.      Plaintiff's claims are barred, in whole or in part, because Citibank fulfilled all duties owed to Plaintiff.

10.     Plaintiff's claims are barred by waiver, acquiescence and/or estoppel.

11.     Plaintiff's claims are barred by the assumption of the risk doctrine because she voluntarily assumed the risks of the transaction at issue and the losses allegedly incurred.

12.     Plaintiff's claims are barred by a failure of consideration.

13.     Plaintiff's claims are barred by the Federal Arbitration Act statute of limitations.

14.     Citibank reserves the right to add additional affirmative defenses as they become known.

For relief, Citibank, N.A., successor in interest to Citibank (South Dakota), N.A., requests that this Court enter Judgment in its favor and against Plaintiff, Taraneh Vessal, dismissing the action in its entirety, and awarding Citibank, N.A., successor in interest to Citibank (South Dakota), N.A. its costs and reasonable attorneys' fees, together with such other appropriate relief.

## CROSS-CLAIM TO CONFIRM ARBITRATION AWARD

Defendant Citibank, N.A., successor in interest to Citibank (South Dakota), N.A. ("Citibank") by its undersigned counsel, hereby requests an Order confirming the Appeal Arbitration Award entered in favor of Citibank and against Plaintiff.  In support of this Cross-Petition, Citibank states as follows.

1.      In 2012, Plaintiff commenced a JAMS arbitration against Citibank and it was assigned Case No. 1340008324.

2.      In the arbitration, Citibank asserted a counterclaim to collect amounts on Plaintiff's Citibank credit card currently ending in account number 4468 (the "Account").

3.      On June 27, 2013, an arbitration award was entered in Citibank's favor, and Plaintiff filed a Notice of Appeal.  The Appeal was assigned Case No. 1340010311.

4.      On November 17, 2014, JAMS entered an award (the "Appeal Arbitration Award") in favor of Citibank for $18,659.65 and awarded nothing to Plaintiff.

5.      On February 25, 2015, Defendant Law Offices of Blatt, Hansenmiller, Leibsker & Moore, LLC, received service of Plaintiff's Petition to Vacate Arbitration Award.

6.      Pursuant to Section 13 of the Federal Arbitration Act, Citibank attaches the Appeal Arbitration Award as Exhibit 1 and the arbitration agreement upon which Plaintiff relied in compelling arbitration as Exhibit 2.

7.      Citibank is entitled to an Order confirming the Appeal Arbitration Award pursuant to Section 9, 10 and 12 of the Federal Arbitration Act, 9 U.S.C. §§9, 10 and 12 for the following reasons:

(a)     Plaintiff did not serve Defendants with her Petition to Vacate Arbitration Award until after the Federal Arbitration Act's three month statute of limitations expired. 9 U.S.C. § 12.

(b)     Plaintiff has not stated any facts supporting a valid basis to vacate, modify or correct the Appeal Arbitration Award under Sections 10 or 11 of the Federal Arbitration Award. 9 U.S.C. §§ 10, 11.

(c)     Under the Federal Arbitration Act, if there are not valid grounds to vacate, modify or correct an arbitration award, the courts *must* confirm the award. 9 U.S.C. § 9 (emphasis added).

8.      Because Plaintiff's Petition to Vacate Arbitration Award sets forth no valid basis to vacate, the Court should confirm the Appeal Arbitration Award in accordance with the Federal Arbitration Act.

For relief, Citibank, N.A., successor in interest to Citibank (South Dakota), N.A., respectfully requests that this Court confirm the Appeal Arbitration Award and that judgment be entered in favor of Citibank, N.A., successor in interest to Citibank (South Dakota), N.A. in the amount $18,659.65 plus applicable post-judgment interest until the judgment is paid in full and that the Court grant such further relief as is appropriate.

Respectfully submitted,

THOMPSON COBURN LLP

By: */s/ Todd A. Rowden*
    Todd A. Rowden
    Emily L. Peel
    Caroline Ackerman
    55 East Monroe Street
    37th Floor
    Chicago, Illinois 60603
    312-346-7500
    FAX 312-580-2201
    trowden@thompsoncoburn.com
    epeel@thompsoncoburn.com
    cackerman@thompsoncoburn.com

Attorneys for Defendant Citibank, N.A.