IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TARANEH VESSAL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION FILE |
| CITIBANK (SOUTH DAKOTA), N.A., THE | ) | CASE NO 1:15-cv-02209 |
| LAW OFFICES OF BLATT, | ) | |
| HANSENMILLER, LIEBSKER & | ) | |
| MOORE, LLC, AND IRYANA | ) | |
| MARTYNIV-NIRO, ESQ., , | ) | |
| | ) | |
| Defendants. | ) | |

**CITIBANK'S MEMORANDUM IN SUPPORT OF ITS MOTION TO CONFIRM
AWARD OR ALTERNATIVELY FOR JUDGMENT ON THE PLEADINGS**

Defendant, Citibank, N.A. successor in interest to Citibank (South Dakota), N.A.

("Citibank"), hereby submits this memorandum in support of its Motion to Confirm Award or

Alternatively for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## I.   INTRODUCTION

Plaintiff had a credit card with Citibank.   When she failed to pay the amount due,

Citibank notified Plaintiff and asked her to pay what was owed.   When those requests went

unanswered, Citibank tried to collect.  Thus began a multi-year, two-arbitration saga that ended

on November 17, 2014, when the JAMS Arbitration Appeal Panel effectively upheld the earlier

arbitration award on behalf of Citibank.  Or so it appeared to end.  Alas, Plaintiff wasn't finished

yet.   She filed this case based on the same underlying claims earlier determined by the two

arbitrations.   Citibank promptly removed to this Court.   A Motion to Confirm Award or

Alternatively a Motion for Judgment on the Pleadings should be granted to Citibank confirming

the Arbitration Award.

This action represents the last-ditch effort of Plaintiff to avoid paying the amount that the Arbitration Award has established she owes. For years, Plaintiff has engaged in dilatory tactics to delay Citibank's attempts to collect what was owed. The Appellate Arbitration Proceeding between the parties considered all materials and evidence submitted, rejected all of Plaintiff's claims and defenses, and entered an award in Citibank's favor. There is no basis whatsoever to vacate that award. This Court should now confirm the award and grant Citibank's Motion.

Plaintiff's Petition to Vacate, though unclear in many respects, seems to allege vacatur is proper for a number of reasons, though she focuses mainly on the following: (1) the statute of limitations had expired so it is against public policy to enforce the Award, (2) the Panel exceeded its powers by exercising authority without considering the contractual language of the appeal, (3) it exceeded its powers without affording Plaintiff the required notice or a meaningful opportunity to examine the undisclosed debt claim, and (4) the Panel displayed bias by dismissing Plaintiff's claims under the statute of limitations but allowed Defendants to proceed with an expired claim. None of these establish a basis to vacate the Arbitration Award.

Plaintiff has no basis on which to satisfy the heavy burden required to vacate an arbitration award under the Federal Arbitration Act (the "Act"). 9 U.S.C. § 10. Section 10 of the Act sets forth four exclusive and narrowly limited circumstances in which vacatur of an arbitration award is proper: (1) the award was procured by corruption, fraud or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in failing to postpone a hearing or consider certain evidence; or (4) the arbitrators exceeded their powers under the parties' arbitration agreement. 9 U.S.C. § 10. Plaintiff's allegations fail to set forth sufficient facts to vacate the Appellate Arbitration Award under *any*

of the grounds in § 10. The Appellate Arbitration Award should now be confirmed, and accordingly judgment entered in favor of Citibank.

## II. STATEMENT OF FACTS

This case is about Plaintiff's delinquent credit card Account, on which she owed the issuer, Citibank, $23,659.65 (the "Account"). *See* the November 17, 2014 Arbitration Award at 3, (the "Award"), attached to Plaintiff's Petition to Vacate Arbitration Award ("Petition to Vacate") as Exhibit 1 and Citibank's Answer and Affirmative Defenses to Plaintiff's Petition to Vacate Arbitration Award and Cross-Claim to Confirm Arbitration Award ("Citibank's Answer") as Exhibit 1. A true and correct copy of Plaintiff's Petition is attached as Exhibit "A."

### 1. The 2010 Civil Lawsuit Against Plaintiff

On April 9, 2010, Citibank filed a lawsuit against Plaintiff by its counsel, Iryna Martyniv Niro ("Niro"), an attorney at the firm Blatt, Hansenmiller Leibsker & Moore ("BHLM") (each of whom were inexplicably made defendants in this lawsuit by plaintiff) seeking $23,659.65 plus costs. *See* Award at 4. Plaintiff then filed a motion to dismiss the complaint and have the matter resolved in an arbitration, which the judge denied. *Id.* Plaintiff appealed. *Id.* Citibank, subsequently agreed to arbitration. *Id.* The court dismissed the appeal and Plaintiff filed a request for Arbitration through JAMS on July 2, 2012. *Id.*

### 2. The Initial Arbitration Proceeding

Plaintiff initiated arbitration with JAMS and filed a Complaint asserting that Citibank, Niro and BHLM ("Defendants"), violated the Fair Debt Collection Act ("FDCPA"), Illinois Consumer Fraud and Deceptive Businesses, Truth in Lending Act ("TILA"), Telephone Consumer Protection Act ("TCPA"), Banks and Banking Act, and the Fair Credit Reporting Act ("FCRA") (the "Initial Arbitration Proceeding"). Award at 3-4. The arbitration was initiated pursuant to the card agreement governing Plaintiff's credit card Account with Citibank (the

- 3 -

"Card Agreement"). Compl. ¶ 3. In August 2012, Citibank filed an Answer and asserted counterclaims for breach of contract to collect the amount owed on the Account. Compl. ¶ 14; Award at 2. The arbitrator held a hearing on March 12, 2013, and thereafter issued an award in favor of Citibank. Award at 4.

### 3. Plaintiff's Appeal from the Arbitration Proceeding

After the award was issued, Plaintiff filed a Notice of Election of the Arbitration Award and Appeal per the terms of the Credit Agreement. Compl. ¶ 16-17. Plaintiff then filed a "Complaint." Award at 4. Pursuant to the Card Agreement, the appeal would be before a panel of three arbitrators, who would consider all factual and legal issues anew (the "Appellate Arbitration Proceeding"). Award at 4.

The Panel consisted of three retired judges who decided numerous preliminary issues prior to the final hearing. First, the Panel denied Plaintiff's motion for the Panel members to recuse themselves. Award at 4; Compl. ¶ 26, 35, 36. Second, the Panel granted Plaintiff's motion to bar any *ex parte* communications between the JAMS and/or the Panel with the Defendants to the exclusion of Plaintiff. Award at 4. Third, in a written order dated September 11, 2014, the Panel denied Plaintiff's motion *in limine* seeking to strike any debt claim by Citibank since it did not file a counterclaim in the Appellate Arbitration Proceeding. After the Panel dealt with all discovery issues, it conducted a hearing on September 16, 2014. *Id.;* Compl. ¶ 49. The Panel signed and issued an award on November 17, 2014, denying all of Plaintiff's claims and ruling in favor on Citibank's counterclaim for breach of contract.

Specifically, the Panel found that Plaintiff's claims against Niro and BHLM under the FDCPA were barred by the FDCPA's statute of limitations, though, it still addressed the substance of Plaintiff's arguments and found the claim lacked merit. *Id.* at 5-8. The Panel then

concluded that Plaintiff failed to prove any of her remaining claims. Award at 8-14. Finally, the Panel considered Citibank's counterclaim against Plaintiff for the $23,659.65 unpaid balance of the Account and found Plaintiff breached her contract with Citibank, though, the Panel found Citibank failed to prove a $5,000 balance transfer Plaintiff was disputing. *Id* at 14-15. Therefore, the Panel subtracted $5,000 from the unpaid balance and found Plaintiff owed Citibank $18,659.65. *Id.* at 16.

### III.   STANDARD

Arbitration awards are routinely and promptly entered by district courts. *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994). The burden to vacate an arbitration award is extraordinarily high. *Id.* ("the district court *must* confirm the award unless it finds that the award should be vacated, modified or corrected pursuant only to specifically enumerated grounds in 9 U.S.C. §§ 10, 11. . . which are limited solely to instances where the award was obtained through fraud or other misconduct. . . or the award is miscalculated, based on a matter not submitted before the board, or is otherwise imperfect in form"); *Akrap v. General Steel Domestic Sales, LLC,* 2013 WL 6008928 at *1 (N.D.Ill. 2013) ("[i]n challenging the arbitrator's award, Petitioners face an uphill battle").

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis,* 742 F.3d 720 (7th Cir. 2014). Therefore, to survive a motion for judgment on the pleadings the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009 (internal quotation omitted)); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678. While the court will draw all reasonable inferences and facts in favor of the nonmovant, it is not obligated to accept as true unsupported legal assertions. *Vesely v. Armslist LLC,* 762 F.3d 661 (7th Cir. 2014). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

Numerous courts within the Seventh Circuit, have confirmed or vacated arbitration on motions for judgment on the pleadings or motions to dismiss. *See Olson v. Wexford Clearing Services Corp.,* 397 F.3d 488 (7th Cir. 2005). However, the Seventh Circuit has stated that under the Act, parties need not file motions to dismiss or other motions under the Federal Rule of Civil Procedure in order to confirm or vacate an award, but rather, should file a motion to vacate or confirm. *Webster v. A.T. Kearney, Inc.,* 507 F.3d 568, 571 (7th Cir. 2007). Since both approaches ultimately lead to the same result, this motion will serve as both a Motion to Confirm the Award or, alternatively, a Motion for Judgment on the Pleadings. Under either standard, judgment should now be entered in favor of Citibank.

## IV. ARGUMENT AND CITATION TO LEGAL AUTHORITY

The Court should confirm the Award since Plaintiff failed to meet her burden under the Federal Arbitration Act (the "Act") and allege facts that provide any basis on which to establish a vacatur of the Award. Pursuant to § 9 of the Act, a party may seek judicial confirmation of an arbitration award within one year of its issuance, and the court *must* grant the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 U.S.C. §§ 10,11]." *See* 9 U.S.C. § 9. The presumption under the Act is that arbitration awards will be

confirmed and courts should give "substantial deference to such awards, as judicial review of arbitration is tightly limited. . . ." *Akrap,* 2013 WL 6008928, at *1; *Envtl. Barrier Co. LLC v. Slurry Sys, Inc.,* 540 F.3d 598 (7th Cir. 2008); *Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704, 706 (7th Cir. 2001). "[A]n action for confirmation under the Act is intended to be a summary proceeding that merely makes the arbitrator's award a final, enforceable judgment." *Menke v. Monchecourt,* 17 F.3d 1007, 1009 (7th Cir. 1994).

A court may only vacate an arbitration award in unusual limited circumstances. *Oxford Health Plans LLC,* 133 S.Ct. at 2071; *Hall Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 588 (2008). Specifically, courts should only disturb an arbitrator's award where "there is no possible interpretive route to the award." Therefore, when an arbitrator resolves an entire dispute and the court can understand the resolution, the court must confirm the award "regardless of the existence of error, clear error, or even gross error." *Akrap,* 2013 WL 6008928, at *1; *IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.,* F. 3d 645, 650 (7th Cir. 2001); *Johnson Controls, Inc.,* 712 F.3d at 1025-26; *Chelmowski v. AT&T Mobility LLC,* 2015 WL 231811, at *2 (N.D.Ill. 2015). "The question for a judge is not whether the arbitrator construed the parties' contract correctly, but whether he construed it at all." *Oxford Health Plans LLC,* 133 S.Ct. at 2071. Any mistakes an arbitrator makes are considered the price of agreeing to arbitration. *Id.*

There are four narrow and ***exclusive*** circumstances in which a court can vacate an arbitration award:

> (1) Where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of

> any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*See* 9 U.S.C. § 10(a)(1)-(4); *Hall St. Assocs., L.L.C.*, 552 U.S. at 583-8; *IDS Life Ins. Co., Inc.*, F 3d at 650. Further, "[a] court may not vacate an arbitration award merely because it disagrees with the arbitrator's determination of law or fact." *Wilson v. Sterling Foster & Co., Inc.*, 1998 WL 749065, at *2 (N.D.Ill. 1998). The party seeking to vacate the award has the burden of proof. *Allied Beacon Partners, Inc. v. Bosco*, 2014 WL 551712, at * 2 (N.D.Ill. 2014).

Courts limited review of arbitration awards is because the parties made an affirmative choice of the method of dispute resolution and are therefore bound by it regardless of how bad they believe their choice to be *after* the arbitration. *IDS Life Ins. Co., Inc.*, F. 3d 645 at 650. Further, the Seventh Circuit supports narrow review of arbitration awards even given the nature of the arbitration process. *Moseley, Hallgarten, Estabrook & Wheeden, Inc. v. Ellis*, 849 F.2d 264, 267 (7th Cir. 1988) (discussing *Stroh Container Co. v. Delphi Industries, Inc.*, 783 F.2d 743, 751 (8th Cir. 1986)). The goal is to ensure arbitration remains an *alternative* to judicial resolution of disputes, instead of an added preliminary step to judicial resolution. *Id.*

Plaintiff's arguments that the Award should be vacated arguably fall under §§ 10(a)(2)-(4), therefore, we will address them in that order. However, since all of Plaintiff's arguments fail to satisfy the heavy burden required by the Act, the Court should confirm the Award.

### 1. There Was No Evident Partiality or Corruption in the Panel

Plaintiff argues the arbitrators "[d]isplayed bias by dismissing Petitioner's claims under the statute of limitations but allowing the Respondents to proceed with an expired claim."

For a court to vacate an award based on an arbitrator's bias, the party must identify "evident partiality," which is "direct, definite and capable of demonstration rather than remote, uncertain, or speculative." 9 U.S.C. §10(a)(2); *Harter v. Iowa Grain Co.,* 220 F.3d 544 (7th Cir. 2000); *Mical v. Glick,* 581 Fed.Appx. 568, 571 (7th Cir. 2014) ("The Micals cite no examples, however; instead they accuse the arbitrators of bias simply because the panel made factual findings contrary to their own positions and ultimately ruled against them"); *Khabbaz v. Dain Bosworth, Inc.,* 1993 WL 210573, at *2 (N.D. Ill 1993) (an assertion that the "arbitrators acted with bias since they found in favor of Dain even though the evidence supported an award in Khabbaz's favor," was insufficient to support vacature).

Here, Plaintiff's sole bias argument rests on the fact that the Panel dismissed her claims under the statute of limitations but allowed Defendants to proceed with an expired claim. Her claim fails for a number of reasons. First, Plaintiff has not presented actual bias, but makes it clear in her Petition to Vacate that her only evidence of bias is that "the panel ruled against [her] on a record that [she] believes favored [her]." *Azroui, LLC,* 499 Fed.Appx. at 607. Not only does her conclusory statement lack factual support, but the Award supports the opposite conclusion. While the Panel ruled that Plaintiff's claims under the FDCPA (and only the FDCPA) was time barred, the Panel also showed Plaintiff incredible leniency and engaged in a substantive discussion of her FDCPA claim, though it ultimately ruled the claim lacked merit. This is just one example among many of the Panel showing leniency toward Plaintiff, not bias against her.

Also, the Panel noted in its decision that while Defendants argued Plaintiff's FDCPA claim was bared, Plaintiff did not "present any evidence that met this defense nor did she provide any argument or factual support that the statute was tolled in any way for any reason." Award at

5. In contrast, there is no indication in the Award that Plaintiff made any type of statute of limitations argument to the Panel with regards to Defendant's counterclaim, as discussed more indepth below. Rather, she seems to believe the Panel had some requirement to *sua sponte* consider all arguments she believes are in her favor.

Plaintiff's claim of bias is simply an impermissible "thinly veiled [attempt] to obtain appellate review of an arbitrator's decision," therefore, this Court should confirm the Award. *See Chelmowski,* 2015 WL 231811, at *2.

## 2. <u>The Panel Did Not Engage in Any Acts of Misconduct or Misbehavior</u>

Plaintiff's Petition to Vacate loosely infers the Panel engaged in misconduct or misbehavior, though it does not outright assert this. For instance, it indicates that the Panel improperly denied Plaintiff's recusal request after allegedly reviewing the first Arbitration Award, refused to hold a telephone conference, proceeded with the hearing despite unresolved discovery issues, used the wrong Credit Agreement, and never answered the issue as to when the Arbitration Agreement became incorporated into the Credit Agreement. Compl. ¶¶ 32, 42, 43, 49, 67. It is unclear what Plaintiff is attempting to allege by these allegations, which provide additional grounds that her vacatur has no appropriate basis in law or fact. To the extent Plaintiff is attempting to allege these facts to show Panel misconduct, Plaintiff allegations fail.

Under Section 10(a)(3) of the Act, misbehavior has been interpreted as requiring an arbitrator to "provide a fundamentally fair hearing." *R & Q Reinsurance Co. v. American Motorist Ins. Co.,* 2010 WL 4052178, at *5 (N.D. Ill. 2010). A proceeding is fundamentally fair if it "meets the minimal requirements of fairness – adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator. *Id.* (quoting *Slaney v. Int'l Amateur Fed'n,* 244 F.3d 580, 592 (7th Cir. 2001)). First, Plaintiff fails to allege how any of her allegations above

deprived her of adequate notice, a hearing on the evidence or an impartial decision. *Id.* Specifically, she does not argue she even attempted to postpone the arbitration hearing or the Panel refused to hear evidence pertinent or material to the controversy, the two "misbehaviors" enumerated in the Act. Finally, "[e]ven on a clear showing of misconduct. . . the party seeking to vacate an arbitrator's order must show that it was deprived of a fair hearing." *Lefkovitz v. Wagner,* 291 F.Supp.2d 764, 770 (N.D.Ill. 2003). Rather, her grievances center around her general assertion that she believes the Panel made factual or legal errors during the Appellate Arbitration Proceeding and should have ruled in her favor. However, even if the allegations above were errors made by the Panel, these do not constitute as misbehaviors or misconduct, but the price of agreeing to arbitrate. *Oxford Health Plans LLC,* 133 S.Ct. at 2071; *Akrap,* 2013 WL 6008928, at *1. The Award and even Plaintiff's Petition to Vacate establish that the Panel provided Plaintiff a fundamentally fair hearing, therefore, the Award should be confirmed.

### 3.   The Panel Did Not Exceed Its Powers

Plaintiff claims that the Award should be vacated because the Panel exceeded its powers by: (1) dismissing her claim for exceeding the statute of limitations; (2) exercising "authority without considering the contractual language of the appeal," and (3) failing to afford her "the required notice or any meaningful opportunity to examine the undisclosed debt claim." Compl. at 10.

Section 10(a)(4) of the Act permits a court to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). However, it is not enough for the petitioner to show the arbitrator committed an error, or even committed a gross error. *Akrap ,* 2013 WL 6008928, at *1; *IDS Life Ins. Co.,* F 3d at 650. Rather, the

petitioner must show that the arbitrator acted outside his authority and issued an award which simply reflects his own notion of economic justice. *Oxford Health Plans LLC*, 133 S.Ct. at 2071; *Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). So long as the arbitrator is "arguably construing" the contract, a court must confirm the award and refrain from correcting an arbitrator's "mistakes." *Oxford Health Plans LLC,* 133 S.Ct. at 2071. Plaintiff has failed to meet this heavy burden.

First, Plaintiff's argument that the Panel exceeded its authority by finding the statute of limitations barred her FDCPA claim, lacks merit. Plaintiff might disagree with the Panel's decision, however, since the Panel considered the issue, the Court must affirm it findings. *Akrap*, 2013 WL 6008928, at *1; *IDS Life Ins. Co.,* F 3d 645 at 650. Further, as discussed above, Plaintiff did not even argue during the Appellate Arbitration Proceeding that the statute of limitations did not apply to her FDCPA claim, therefore, she waived any right she had to make any such arguments before this Court. *Ganton Technologies, Inc. v. International Union, United Auto., Aerospace and Agricultural Implement Workers of America,* 358 F.3d 459, 462 (7th Cir. 2004). Plaintiff's argument is insufficient to support vacating the Award.

Second, Plaintiff appears to suggest that the Panel exceeded its authority by considering Defendant's counterclaim, which Defendant only introduced in the Initial Arbitration Proceeding. Plaintiff's argument seems to be based on her own interpretation of the appeal clause in the Credit Agreement, which she believes means parties must re-file all pleadings in any arbitration appeal. However, the Panel heard Plaintiff's argument regarding this issue in her motion *in limine* and rejected it, thus, providing its own interpretation of the Credit Agreement. Award at 4. Again, Plaintiff might disagree with the Panel's interpretation of the Credit Agreement, but merely asserting one's own interpretation should be substituted for the Panel's

interpretation is insufficient grounds for vacature. *Baltimore and Ohio Chicago Terminal R. Co. v. Wisconsin Central, Ltd.* 1997 WL 51460, at *11 (N.D.Ill. 1997). Since the Panel actually construed the Credit Agreement and provided *an* interpretation, the Court must uphold said interpretation. *Id*; *Oxford Health Plans LLC*, 133 S.Ct. at 2071; *Lefkovitz*, 291 F.Supp.2d at 772. To rule otherwise would allow Plaintiff to bring her dispute "into court by the back door," simply because she is disappointed with the Panel's interpretation. *Baravati*, 28 F.3d at 706.

Finally, since the Panel properly determined that Defendant's counterclaim should apply to the Appellate Arbitration Proceeding, Plaintiff, having already received the Counterclaim, cannot argue the Panel exceeded its authority by not affording her notice or an opportunity to examine the claim. First, there is no indication in Plaintiff's Petition or the Award that after the Panel denied Plaintiff's motion *in limine* she attempted to obtain additional time. The Panel had no requirement to grant her any additional time without her first requesting it. Second, the Defendants filed the Counterclaim seeking the balance from Plaintiff's Account in August 2012 and a full Arbitration hearing was conducted. Compl. ¶ 14. Plaintiff was on notice of the claim as early as 2012, as evidenced by the fact that she was able to successfully dispute $5,000 of the Account balance before the Panel.

Plaintiff's assertions that the Panel exceeded its authority do not "challenge the arbitrators' authority to decide the case. Instead [Plaintiff] challenges the arbitrator's final decision." *Khabbaz*, 1993 WL 210573, at *2. Since this is not an appropriate basis on which this Court can vacate, this court should Confirm the Award.

### 4.    Courts Cannot Vacate an Award Outside the Four Statutory Exceptions

Finally, Plaintiff's argues the Award should be vacated since it is against public policy because the statute of limitations expired. However, this argument does not fall within the

exclusive grounds to vacate an arbitration award under the Act and therefore cannot be considered as a grounds to vacate the Award. 9 U.S.C. § 10(a)(1)-(4); *Hall St. Assocs., L.L.C.,* 552 U.S. at 588-89. Further, while Plaintiff makes some argument that this Court can set aside an award that is in "manifest disregard of the law," the Seventh Circuit defined this so narrowly that it fits within the confines of the first clause of the fourth statutory ground. *Wise v. Wachovia Sec. LLC,* 450 F.3d 265 (7th Cir. 2006). In fact, it is construed so narrow that it is confined to situations when an arbitrator directs the parties to violate the law. *Id.* Since Plaintiff's argument does not fall into any of the enumerated exceptions of Section 10, it cannot be considered.

Further, it cannot fall into an exception because Plaintiff never raised the argument in the arbitration proceeding, and therefore, waived it. *See* Arbitration Award. *Ganton Technologies, Inc.,* 358 F.3d at 462 ("the failure to pose an available argument to the arbitrator waives that argument in collateral proceedings to enforce or vacate the arbitration award"); *DIRECTV, Inc,. v. Murphy,* 2007 WL 4247316, at *2 (N.D.Ill. 2007). Since Plaintiff did not bring this argument to the Panel's attention, Plaintiff waived this argument and it is not a ground for vacature.

Third, even if, *arguendo,* Plaintiff made this argument before the Panel, though, there is no indication she did, and it somehow falls into a ground for vacating, then it was the Panel's decision to rule against Plaintiff and find that the argument was "not relevant or material and [had] no significant merit." Award at 5. Again, this Court must uphold that decision, whether right or wrong. *Baravati,* 28 F.3d 704 at 706. Therefore, the Court should confirm the Award.

## V. <u>CONCLUSION</u>

For these reasons, Defendant's Motion to Confirm Award or Alternatively for Judgment on the Pleadings should be granted and the Award should be confirmed. The Court should

dismiss all of Plaintiff's claims, enter the confirmed award as the final judgment of this Court and grant such further relief as is appropriate.

Dated: April 8, 2015

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Todd A.Rowden
Todd A. Rowden
Emily L. Peel
Caroline Ackerman
55 East Monroe Street
37th Floor
Chicago, Illinois 60603
312-346-7500
FAX 312-580-2201
trowden@thompsoncoburn.com
epeel@thompsoncoburn.com
cackerman@thompsoncoburn.com

Attorneys for Defendant Citibank, N.A.