IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARANEH VESSAL )<br>Plaintiff )<br>vs. )<br> )<br>CITIBANK (SOUTH DAKOTA) N.A. )<br>THE LAW OFICES OF BLATT, HASENMILLER, )<br>LEIBSKER & MOORE LLC, AND IRYNA )<br>MARTYNIV-NIRO, ESQ. )<br>Defendants ) | CIVIL ACTION FILE<br>CASE NO: 1:15-cv-02209 |

**PLAINTIFF'S OBJECTION TO DEFENDANT CITIBANK N. A.'S MOTION FOR**

**JUDGMENT ON THE PLEADINGS**

Taraneh Vessal, (the Plaintiff) in the above titled action respectfully submits her Objection to the Motion filed by Defendant Citibank N.A. ("Citibank") in which the Defendant requests a judgment on the pleadings. The Motion should be denied for the reasons contained herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. On or about February 19th, 2015 the Plaintiff filed a petition in Du Page County Court seeking the vacatur of an arbitration award which Plaintiff asserts was improperly obtained.

2. On or about March 20th, 2015, Defendant(s) Citibank filed an answer, affirmative defenses, and a cross claim. A Motion to Strike those defenses is before the Court and has been scheduled for a hearing on April 23rd, 2015.

3. Some two days prior to filing the plaintiff's Reply/ Answer to the Cross complaint, Citibank

(1)

apparently filed the Motion which is the subject of this Objection. Plaintiff avers that the Motion was improperly filed.

## II. ARGUMENT

4. Rule 12 states in pertinent part:

"HOW TO PRESENT DEFENSES". Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
(1) lack of subject-matter jurisdiction;
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process;
(6) failure to state a claim upon which relief can be granted; and
(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion."

(emphasis added)

5. By predating its Motion to precede the Answer, the Defendant has submitted its motion according to the above rule. However, Plaintiff's Motion is not based upon any of the seven defenses set forth in that rule. Therefore, it fails as a matter of procedure and is improper.

6. Instead, Citibank's motion is based upon this part of Rule 12;

"MOTION FOR JUDGMENT ON THE PLEADINGS". After the pleadings are closed—but

(2)

early enough not to delay trial—a party may move for judgment on the pleadings. (emphasis added)

7. In the Instant Action, the pleadings are not closed. Rule 7 provides for the following:
(a) PLEADINGS. Only these pleadings are allowed:
(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

8. Since Plaintiff's Motion to Strike the Affirmative Defenses of Citibank has not been adjudicated, the Answer to the Cross Claim is incomplete, and more pleadings may be required. Therefore, the pleadings cannot be closed, rendering Citibank's Motion fatally defective and premature.

### III. JUDGMENT ON THE PLEADINGS UNDER FRCP 12(c) IS UNWARRANTED

9. Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer. Brunt v. Serv. Employees Int'l Union, 284 F.3d 715, 718 (7th Cir.2002) (citing Fed.R.Civ.P. 12(c)). Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion. Id. at 718-19 (citing N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir.1998).

10. Citibank avers that Plaintiff has not met her burden of proof. The United States Supreme Court recently stated that, "A claim has facial plausibility when the plaintiff pleads factual

(3)

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). And in *Bell Atl. Corp. v. Twombly*, the Court also stated that "Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate only when the complaint does not give a defendant fair notice of a legally cognizable claim and the basis on which it rests."

11. Plaintiff has set out facts and plausible allegations in support of her Petition, and deserves a fair hearing. Citibank's Motion, like its Affirmative Defenses, merely makes bland conclusions unsupported by any facts. Citibank simply declares that Plaintiff has not met her burden, and that the case should be over. Such simplistic, self-serving averments should be disregarded by the Court.

## IV. CONCLUSION

12. The Defendant's Motion is procedurally improper on two fronts, and therefore should be denied on its face. Even so, had it been properly submitted, it would fail as a matter of law based upon the foregoing. Such a Motion is highly prejudicial to the Plaintiff, premature in its nature, and is contradictory to the rules upon which it relies.

Respectfully Submitted

By: /s/ Taraneh Vessal

P.O Box 4764, Oak Brook, IL. 60522-4764
(312) 933-8257
tvessal@aol.com

## CERTIFICATE OF SERVICE

I, Taraneh Vessal, certify that on April 13 th , 2015, I electronically filed a copy of the foregoing; **Plaintiff's Objection To Defendant Citibank N.A's Motion For Judgement On The Pleading** with the Court using the CM/ECF system, which will automatically send copies to all registered counsel.

To:

The Law offices of THOMPSON COBURN LLP
55 East Monroe Street
37th Floor
Chicago, IL. 60603
312-346-7500
Fax: 312-580-2201
trowden@thompsoncoburn.com
epeel@thompsoncoburn.com
cackerman@thompsoncoburn.com

Law Offices of Blatt, Hasenmiller, Leibsker & Moore LLC
10 South LaSalle St., Suite 2200
Chicago, IL. 60603
(312) 704-9440
Iryna Martyniv Niro Esq.
10 South LaSalle St., Suite 2200
Chicago, IL. 60603
iniro@bhlmlaw.com

By; /s/ Taraneh Vessal
Plaintiff (Pro Se)
P.O Box 4764, Oak Brook, IL, 60522-4764
(312) 933-8257
tvessal@aol.com