

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION



**FILED**

4 -10 -2015

APR 1 0 2015

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

| | | |
|---|---|---|
| TARANEH VESSAL | ) | |
| Plaintiff | ) | |
| vs. | ) | **CIVIL ACTION FILE** |
| | ) | **CASE NO: 1:15-cv-02209** |
| CITIBANK (SOUTH DAKOTA) N.A. | ) | **JUDGE: BUCKLO** |
| THE LAW OFICES OF BLATT, HASENMILLER, | ) | |
| LEIBSKER & MOORE LLC, AND IRYNA | ) | |
| MARTYNIV-NIRO, ESQ. | ) | |
| Defendants | | |

### PLAINTIFF'S ANSWER TO CROSS-CLAIM TO CONFIRM ARBITRATION AWARD

Answering the specific allegations of Defendant's Counterclaims, Plaintiff (Taraneh Vessal),
responds with the following paragraphs, which correspond sequentially to the paragraphs
in Defendant's Counterclaims:

**Defendant Citibank, N.A., successor in interest to Citibank (South Dakota), N.A. ("Citibank")**
**by its undersigned counsel, hereby requests an Order confirming the Appeal Arbitration**
**Award entered in favor of Citibank and against Plaintiff. In support of this Cross- Petition,**
**Citibank states as follows;**

**1. In 2012 Plaintiff Commenced a JAMS arbitration against Citibank and it was assigned**
**Case NO 1340008324.**

RESPONSE

Plaintiff admits that the arbitration proceeding in JAMS commenced in 2012. The remainder of
the paragraph is denied.                                    (1)

**2. In arbitration, Citibank asserted a counterclaim to collect amounts on Plaintiff's Citibank credit card currently ending in account number 4468 ("the Account").**

RESPONSE

Plaintiff admits that the Citibank asserted counterclaim in the "first" arbitration. The remainder of the paragraph is denied.

**3. On June 27, 2013, an arbitration award was entered in Citibank's favor, and Plaintiff filed a Notice of Appeal. The Appeal was assigned case No. 1340010311.**

RESPONSE

Plaintiff admits that an arbitration award was entered in Citibank's favor, and that Plaintiff filed a notice of appeal.

**4. On November, 17, 2014 JAMS entered an award (the "Appeal Arbitration Award") in favor of Citibank for $18659.65 and awarded nothing to Plaintiff.**

RESPONSE

Plaintiff admits that an award was entered in favor of Citibank. The remainder of the paragraph is denied.

**5. On February 25,2015 Defendant Law Offices Of Blatt, Hasenmiller, Leibsker &Moore LLC, received service of Plaintiff's Petition to Vacate Arbitration Award.**

RESPONSE

Admitted to the extent that it appears that the aforementioned law firm received the petition.

**6. Pursuant to section 13 of Federal Arbitration Act, Citibank attaches the Appeal Arbitration Award as Exhibit 1 and the arbitration agreement upon which Plaintiff relied on compelling arbitration as Exhibit 2.**

RESPONSE

Plaintiff admits that Citibank has attached exhibits. The validity of same is a matter to be

(2)

determined by the Court. Since the aforementioned section of the Act was not attached, Plaintiff cannot comment as to its validity.

**7. Citibank is entitled to an Order confirming the Appeal Arbitration Award pursuant to Section 9,10,12 of the Federal Arbitration Act 9 U.S.C. §§ 9,10 and 12 for the following reasons:**

Citibank is entitled to nothing until the Court makes that determination. The statement is self serving and unsupported by any facts as determined by the Court. Perhaps Citibank should learn to use the term "allegedly" or "pending the decision of the Court."

**(a) Plaintiff did not serve defendants with her petition to Vacate Arbitration Award until after the Federal Arbitration Act's three month statue of limitation expired. 9 U.S.C §12.**

RESPONSE

Denied.

**(b) Plaintiff has not stated any facts supporting a valid basis to vacate, modify or correct the Appeal Arbitration Award under section 10 or 11 of the Federal Arbitration Award 9 U.S.C. §§ 10 ,11.**

RESPONSE

Denied.

**(c) Under the Federal Arbitration Act, if there are not valid grounds to Vacate, modify or correct an arbitration award, the court must confirm the award. 9 U.S.C. §9 (emphasis added).**

RESPONSE

Plaintiff admits that the section quoted may be correct. However, since the aforementioned section was not attached as an exhibit, Plaintiff cannot comment further. Notwithstanding, the mere recitation of a statute does not create any liability on the part of Plaintiff.

(3)

**8. Because Plaintiff's Petition to vacate Arbitration Award sets forth no valid basis to vacate , the Court should confirm the Appeal Arbitration Award in accordance with the Federal Arbitration act.**

RESPONSE

Denied, assumes facts not in evidence. Defendant has cited no part of the petition which would lead the court to believe that Plaintiff has not cited pertinent facts or a valid basis to vacate, and the Court has not made that determination. Mere conclusory statements cannot circumvent the Complaint, which must be construed in a light most favorable to the Plaintiff, assuming all facts are true unless properly controverted. Citibank has controverted nothing, and has offered this Court no facts to support its position.

**For relief, Citibank, N.A., successor in interest to Citibank (South Dakota), N.A., respectfully requests that this Court confirm the Appeal Arbitration Award and that judgment be entered in favor of Citibank, N.A., successor in interest to Citibank (South Dakota), N.A. in the amount $18,659.65 plus applicable post-judgment interest until the judgment is paid in full and that the Court grant such further relief as is appropriate.**

RESPONSE:

Plaintiff prays the Court to deny Citibank's counterclaim, which contains no facts, no specific allegations, and consists of nothing more than a laundry list of unsupported claims.

Respectfully submitted

Taraneh Vessal (*Pro Se*) Plaintiff

P.O Box 4764, Oak Brook, IL, 60522-4764

(312) 933-8257

(4)

## **CERTIFICATE OF SERVICE**

I Taraneh Vessal, Plaintiff-Counter-Defendant, hereby certify that on <u>April 10th, 2015</u>, I filed with the Clerk of the Court of the Northern District of Illinois, Eastern Division, **PLAINTIFF'S ANSWER AND RESPONSE TO DEFENDANT (CITIBANK'S) COUNTERCLAIM TO CONFIRM ARBITRATION AWARD ,and MOTION TO STRIKE DEFENDANT (CITIBANK'S) AFFIRMATIVE DEFENSES,** by mailing a copy to the parties listed below.

To:

The Law offices of THOMPSON COBURN LLP

55 East Monroe Street

37th Floor

Chicago, IL. 60603

312-346-7500

Fax: 312-580-2201

To: Law Offices of Blatt, Hasenmiller, Leibsker & Moore  LLC

 10 South LaSalle St., Suite 2200

Chicago, IL. 60603

(312) 704-9440

To: Iryna Martyniv Niro  Esq.

10 South LaSalle St., Suite 2200

 Chicago, IL. 60603

  (312) 704-9440

By; Taraneh Vessal, Plaintiff (pro se)

P.O. Box 4764

Oak Brook, IL. 60522-4764

 (312) 933-8257



# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | | |
|---|---|---|
| TARANEH VESSAL | ) | |
| Plaintiff | ) | |
| vs. | ) | **CIVIL ACTION FILE** |
| | ) | **CASE NO: 1:15-cv-02209** |
| CITIBANK (SOUTH DAKOTA) N.A. | ) | **JUDGE: BUCKLO** |
| THE LAW OFICES OF BLATT, HASENMILLER, | ) | |
| LEIBSKER & MOORE LLC, AND IRYNA | ) | |
| MARTYNIV-NIRO, ESQ. | ) | |
| Defendants | | |

**FILED**
4-10-2015
APR 1 0 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

PLEASE TAKE NOTICE, that on April 10th, 2015, I caused to be filed with the Clerk of the Court of the Northern District of Illinois, Eastern Division, **PLAINTIFF'S ANSWER AND RESPONSE TO DEFENDANT (CITIBANK'S) COUNTERCLAIM TO CONFIRM ARBITRATION AWARD** ,and **MOTION TO STRIKE DEFENDANT (CITIBANK'S) AFFIRMATIVE DEFENSES** a Copy of which is attached hereto and hereby served upon you.

Taraneh Vessal ,Plaintiff (*Pro Se*)

P.O Box 4764

Oak Brook, IL. 60522-4764

312-933-8257