IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARANEH VESSAL ) | |
|    Plaintiff ) | |
|       vs. ) | **CIVIL ACTION FILE** |
| ) | **CASE NO: 1:15-cv-02209** |
| CITIBANK (SOUTH DAKOTA) N.A. ) | |
| THE LAW OFICES OF BLATT, HASENMILLER, ) | |
| LEIBSKER & MOORE LLC, AND IRYNA ) | |
| MARTYNIV-NIRO, ESQ. ) | |
|    Defendants | |

**<u>PLAINTIFF'S RESPONSE/REPLY TO DEFENDANT CITIBANK'S MOTION TO ENFORCE ARBITRATION AWARD OR ALTERNATIVELY FOR JUDGEMENT ON THE PLEADINGS.</u>**

The Plaintiff in the above titled action respectfully submits her Response to the Motion filed by Defendant Citibank N.A. ("Citibank") in which the Defendant requests to enforce the Arbitration award or alternatively for judgment on the pleadings. The Defendant's Motion should be denied due to the Court's lack of subject matter jurisdiction 12(b)(1), Defendant's failure to state a claim upon which relief may be granted under the Federal Arbitration Act, 12(b)(6), and for Defendant's failure to establish a prima facie case purporting to cite deficiencies in Confirmation of the Award.

1.    The two primary sources of the subject-matter jurisdiction of the federal courts are diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction generally permits individuals to bring claims in federal court where the claim exceeds $75,000 and the parties are citizens of different states. See 28 U.S.C. § 1332. Under federal jurisdiction a litigant, regardless of the value of the claim, may bring a claim in federal court if it arises under federal law,

(1)

including the U.S. Constitution. See 28 U.S.C. § 1331.

2. The FAA does not create independent federal question jurisdiction under 28 U.S.C. Sec. 1331; in this case neither diversity of citizenship nor the minimum amount in controversy required by 28 U.S.C. Sec. 1332 exists.

3. The courts have held consistently that neither FAA Sec. 4 authorizing petitions to compel arbitration, Sec. 9 authorizing petitions to confirm awards, Sec.10 authorizing petitions to vacate, nor Sec.11 authorizing petitions to modify or correct are justiciable in the federal courts absent an independent basis for federal jurisdiction, and that the FAA does not in itself confer such jurisdiction. The situation was described by the United States Supreme Court in Moses H. Cone Hospital v. Mercury Construction., 460 U.S. 1, 74 L.Ed.2d 765, 103 S.C. 927 (1983), as follows:

"...The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. §1331 or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue....Section 3 likewise limits the federal courts to the extent that a federal court cannot stay a suit pending before it unless there is such a suit in existence. Nevertheless, although enforcement of the Act is left in large part to the state courts, it nevertheless represents federal policy to be vindicated by the federal courts where otherwise appropriate..." 460 U.S. at 25 n. 32, 74 L.Ed.2d at 786 n. 32. See also; Southland Corp. v. Keating, supra, 465 U.S. at 15 n. 9, 79 L.Ed.2 at 15 n. 9.

4. The Second, Sixth, Seventh, Ninth, Eleventh, and District of Columbia Circuits have held that 9 § 10 of the FAA does not confer federal jurisdiction and that there must be an independent basis for federal jurisdiction before a district court may entertain a petition to vacate

(2)

or confirm an arbitration award. See Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir.2000); Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243, 1245-47 (D.C.Cir.1999); Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir.1997); Minor v. Prudential Sec., Inc., 94 F.3d 1103, 1104 (7th Cir.1996); State of Wisconsin v. Ho-Chunk Nation, 463 F.3d 655 (7th Cir. 2006); Ford v. Hamilton Invs., Inc., 29 F.3d 255, 257 (6th Cir.1994); Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 882, 883-84 (9th Cir.1993).

5. FAA section 10 states in part that "the United States court in and for the district wherein the award was made may make an order vacating [an arbitration] award." This language is less than precise and might be read as conferring subject matter jurisdiction. However, Congress did not intend the Arbitration Act as a grant of jurisdiction. There must be an independent basis of jurisdiction before a district court may entertain petitions under the Act.

6. Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261, 912 F.2d 608, 611 (2d Cir.1990) (citations omitted). Although the Supreme Court in *Moses H. Cone* analyzed sections 3 and 4 of the FAA, rather than section 10, the *Hoffman* court concluded that "it would be anomalous to conclude ... that section 4 confers no jurisdiction to compel arbitration, but that section 10 confers jurisdiction to vacate an award once arbitration takes place." Id. at 611 n. 1 (citing Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 747-48 n. 7 (8th Cir.), cert. denied, 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986)).

7. Furthermore, a narrow interpretation of section 10 is consistent with the limited nature of

(3)

federal subject matter jurisdiction. See *Hoffman*, 912 F.2d at 611 n. 1 (stating that "we should not readily impute to Congress" an intent to open federal courts to "a host of arbitration disputes" brought under section 10). Indeed, if sections 9, 10, and 11 of the FAA were to be read as conferring jurisdiction, then any contract that involved commerce and contained a valid arbitration clause could give rise to a federal court action for the confirmation, vacatur, or modification of an arbitration award. See Drexel Burnham Lambert, Inc. v. Valenzuela Bock, 696 F.Supp. 957, 961 (S.D.N.Y.1988) ("It would be surprising if Congress had intended so drastic a change of federal jurisdiction."); see also Fitzgerald v. Seaboard System R.R., Inc., 760 F.2d 1249, 1251 (11th Cir.1985) (citation omitted) (stating that federal courts are presumed to lack subject matter jurisdiction).

8.      The Defendant Citibank has not identified a disputed federal question that is both substantial and necessary to the resolution of this action. Given the limited scope of judicial review of arbitral decisions under the FAA, it seems unlikely that the Court's review will require deciding any substantive federal question, much less a disputed and substantial one. Cf. Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997) (favorably quoting Minor v. Prudential Securities, Inc., 94 F.3d 1103, 1105 (7th Cir. 1995), for the proposition that a motion to vacate an arbitral award "does not require the resolution of any federal issue, let alone a substantial question of federal law".

9.      Upon the removal from the state court, on March 20, 2015, Defendant, Citibank, filed an Answer to Plaintiff's Petition to Vacate, along with Affirmative Defenses and a Cross-Claim to

(4)

Confirm the Award. (Doc #8). Attached were two exhibits (Exhibit # 1 Copy of the Award) & (Exhibit # 2 a 2003 Credit card agreement). Attaching an agreement does not absolve Citibank from its obligations under the FAA § 13 to produce the proper agreement that was the subject of the Award.

10. It is also noteworthy that, under the FAA, any "party moving for an order confirming ... an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk: (a) the agreement." 9 U.S.C. § 13. The fact that the agreement must be filed with the court affirms it is the court's duty to rule on this issue, and it is not left solely to the arbitrator's discretion. If Congress meant for the arbitrator's decision on this issue to be binding, there would be no need for the moving party to provide the court with a copy of the contract.

11. In its post hearing brief Citibank relied on a 2004 Card agreement, and admitted to its reliance in its Answer (Doc # 8 at 19 ¶ 67 ).

12. A creditor is not entitled to confirm an arbitration award against an alleged debtor without providing evidence sufficient for the court to determine that a valid agreement to arbitrate exists, Citibank failed to adhere to the FAA § 13, confirmation of the award. The same applies to (Doc #11) filed as Defendant Citibank's Motion to Confirm Award or alternatively for Judgement on the Pleadings.

13. Under Illinois law, the issuance of a credit card does not create a contract but is only an offer to extend credit. Consequently, a contract is not formed at the time of the issuance of the

(5)

credit card; rather, a separate contract is created each time the card is used according to the terms of the Cardmember Agreement at the time of such use (assuming such terms have been communicated to the cardholder). See Razor Capital v. Antaal, 2012 IL App (2d) 110904, at ¶¶ 32, 35 (July 11, 2012); Hany v. General Electric Co., 221 Ill. App. 3d 390, 396 (1991).

14.     The issuance of a credit card is only an offer to extend credit; acceptance of the credit offer occurs each time a credit purchase is made by the cardholder. Garber v. Harris Trust & Savings Bank, 104 Ill. App. 3d 675, 684 (1982). Consistent with the treatment of each credit card purchase as a separate offer and acceptance, modifications to credit card terms are binding between the parties when, after notice of the modifications, the cardholder uses his credit card. Id.

15.     Missing is the 2004 agreement which Citibank referred to in its brief. Plaintiff avers that the arbitrators improperly relied upon (the wrong) agreement in making their decisions, as that agreement may contain different terms / arbitration provision[s] than the one attached thereto. The party asserting the existence of a contract has the burden of proof. "The terms of an agreement, if not ambiguous, should be generally enforced as they appear, and those terms will control the rights of the parties." (quoting Dowd & Dowd, Ltd. v. Gleason, 181 Ill. 2d 460, 479 (1998)).

16.     9 U.S.C. § 13, mandates the party moving for an order confirming an award must file the following papers with the clerk:

(a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
(b) The award.

(6)

( c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

17. Upon the filing of its cross-petition to confirm the award, the Defendant Citibank should have filed the documents specified in 9 U.S.C. § 13. Failing to follow that requirement prevents the confirmation of the award.

18. "FIA Card Services, N.A. v. Weaver", 2010-1372, at 15 (La. 3/15/11); 62 So. 3d709, 718 (where no credit card contract containing an arbitration clause was ever signed, credit card issuer had burden to demonstrate modifications to the terms of the credit agreement were sent to cardholder). "The FAA requires a court faced with a petition to confirm to first ensure there is an arbitration agreement between the parties covering this dispute. This requirement is inherent in a petition to confirm and is independent of the statutory defenses which may be raised in a motion to vacate the award. Because FIA has failed to meet its evidentiary burden to show there has ever been a valid arbitration agreement between itself (or MBNA) and Weaver, its petition to confirm must be denied."

## CONCLUSION

The Defendant has failed to set forth any reasonable argument to support its position. Citibank has failed to demonstrate to the Court that it has stated a claim upon which relief may be granted, and it failed to satisfy the jurisdictional conditions of the statutes upon which it relies. Therefore, Defendant's Motion should be denied.

Respectfully submitted

May 13th, 2015

By: /s/ Taraneh Vessal
Plaintiff (*Pro Se*)
P.O. Box 4764
Oak Brook, IL. 60522-4764
tvessal@aol.com

(7)

## CERTIFICATE OF SERVICE

I, Taraneh Vessal, certify that on May 13th, 2015, I electronically filed a copy of the foregoing; **PLAINTIFF'S RESPONSE/REPLY TO DEFENDANT CITIBANK'S MOTION TO ENFORCE ARBITRATION AWARD OR ALTERNATIVELY FOR JUDGEMENT ON THE PLEADINGS**. with the Court using the CM/ECF system, which will automatically send copies to all registered counsel.

To:

The Law offices of THOMPSON COBURN LLP

55 East Monroe Street

37th Floor

Chicago, IL. 60603

312-346-7500

Fax: 312-580-2201

trowden@thompsoncoburn.com

epeel@thompsoncoburn.com

cackerman@thompsoncoburn.com

The Law Offices of Blatt, Hasenmiller, Leibsker & Moore LLC

10 South LaSalle St., Suite 2200

Chicago, IL. 60603

(312) 704-9440

Iryna Martyniv Niro Esq.

10 South LaSalle St., Suite 2200

Chicago, IL. 60603

iniro@bhlmlaw.com

By; /s/ Taraneh Vessal

Plaintiff (*Pro Se*)

P.O Box 4764, Oak Brook, IL, 60522-4764

(312) 933-8257

tvessal@aol.com