IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARANEH VESSAL<br><br>    Plaintiff,<br><br>vs.<br><br>CITIBANK (SOUTH DAKOTA), N.A., THE LAW OFFICES OF BLATT, HANSENMILLER, LIEBSKER & MOORE, LLC, AND IRYNA MARTYNIV-NIRO, ESQ. ,<br><br>    Defendants. | CIVIL ACTION FILE<br>CASE NO 1:15-cv-02209 |

## DEFENDANT CITIBANK'S REPLY IN SUPPORT OF ITS MOTION TO CONFIRM AWARD OR ALTERNATIVELY FOR JUDGMENT ON THE PLEADINGS

Defendant, Citibank, N.A., successor in interest to Citibank (South Dakota), N.A. ("Citibank"), for its Reply to its Motion to Confirm Award or Alternatively for Judgment On the Pleadings ("Motion to Confirm"), states as follows:

### INTRODUCTION

A thorough reading of Plaintiff's Petition to Vacate the Arbitration Award ("Petition to Vacate") makes it clear Plaintiff has not satisfied the heavy burden the Federal Arbitration Act (the "Act") places on <u>her</u> which would allow this Court to vacate the arbitration award (the "Award"). 9 U.S.C. §10. Rather, Plaintiff spends pages seeking to have this Court re-litigate her meritless claims -- most of which were federal claims -- insisting the Award is wrong.[1] Plaintiff's

---

[1] Plaintiff's attempt to re-litigate her claims is not limited to this Court. Defendants recently learned on May 11, 2015, Plaintiff filed a Demand for Arbitration Before JAMS (the "New Demand") asserting Defendants <u>and</u> Thompson Coburn LLP ("TC") violated her rights under numerous federal and state laws. The vast majority of her claims are undoubtedly the exact claims the Award properly disposed of. A true and correct copy of the New Demand is attached here to as Exhibit "A." Plaintiff's new litigation tactic makes it clear that her Petition to Vacate only has one purpose – to relitigate for the third or fourth time her claims against Defendants. This is plainly vexatious litigation.

Response/Reply to Defendant Citibank's Motion to Enforce the Arbitration Award or Alternatively For Judgment on the Pleadings ("Plaintiff's Response") provides no additional grounds for vacature. Once again she asks this Court to consider arguments either disposed of by the Arbitration Panel or which she failed to raise before the Arbitration Panel and thus waived. Since a narrow review of the 16-page Award – which is all Plaintiff is entitled to under the Act – and a review of Plaintiff's Petition to Vacate, makes it clear Plaintiff failed to set forth sufficient facts to vacate the Award under *any* grounds enumerated in Section 10 of the Act, this Court must confirm the Award and allow Citibank the final resolution it has been seeking for half a decade, since 2010, when it first filed a lawsuit against Plaintiff to collect her unpaid credit card debt. 9 U.S.C. § 9.

## ARGUMENT

I.  **Plaintiff has failed to allege any grounds warranting vacature of the Award.**

Plaintiff failed to meet her extraordinarily high burden of showing the Award must be vacated both in the Petition to Vacate and Plaintiff's Response; thus, this Court should confirm the Award. *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994). While Plaintiff's Petition to Vacate cites and repeats the four **exclusive** grounds to vacate an award under Section 10 of the Act and even throws around phrases like "[t]he arbitrators "exceeded their powers" or "[d]isplayed bias," her use of key phrases from Section 10 are thinly veiled attempts to convince this Court to re-litigate her claims against Defendants. As Citibank noted in its Motion to Confirm, she is simply trying to bring her dispute "into court by the back door," because she is disappointed with the Panel's interpretation, atactic the Seventh Circuit has soundly rejected. *Barvati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704 (7th Cir. 2001). Under the thin veil of key phrases Plaintiff uses, it is clear what she really asks this Court to do is to find the Arbitration

Panel made factual and legal errors in disposing of her claims. This is not a ground for dismissal under the Act, and accordingly, this Court should confirm the award. 9 U.S.C. § 9, 10; *Azroui v. E\*Trade Securities, LLC,* 499 Fed. Appx. 606 at 607 (7th Cir. 2013).

As for the "new" arguments contained within Plaintiff's Response, those once again fail to establish *any* grounds for vacature. First, it is unclear which documents Plaintiff believes this Court needs to confirm the Award. The agreement to arbitrate is an exhibit to Citibank's Answer and the Award is an Exhibit to Citibank's Motion to Confirm. 9 U.S.C. § 13. There are no other documents necessary.[2] As for Plaintiff's next argument, she appears to state this Court cannot confirm the Award because Citibank has not proved "evidence sufficient for the court to determine that a valid agreement to arbitrate exists. . . . " Plaintiff's Response ¶ 12. However, Plaintiff cannot in good faith argue there was no agreement between Citibank and Plaintiff to arbitrate. When Citibank filed a lawsuit in the Circuit Cout of Cook County against Plaintiff back in 2010, it was <u>Plaintiff</u> who filed the motion to compel arbitration and a demand for arbitration with JAMS. Compl. ¶¶ 8-10; Award at 3,4. Further, the Card Agreement attached to this Reply as Exhibit "B," contained an arbitration clause and is the same Card Agreement Plaintiff relied upon to compel arbitration. *See* Citibank's Cross Claim to Confirm Arbitration Award ¶ 6. Also, Plaintiff admits in her Petition to Vacate there was an agreement to arbitrate any disputes. Compl. ¶¶ 3. Plaintiff's new argument contradicts her own prior statements and is entitled to no consideration. *See New Hampshire v. Main,* 532 U.S. 742 at 747 (2001) (finding a party cannot assume a contrary position in a new proceeding simply because his interests have

---

[2] Citibank also attaches the same Card Agreement it attached to its Answer as Exhibit "B" and the Award as Exhibit "C" here in order to alleviate any confusion on Plaintiff's part.

changed); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 332, 327 (stating collateral estoppel has the purpose of protecting litigants from the burden of relitigating an identical issue).

Finally, once again Plaintiff simply seeks to have this Court re-litigate claims that were either before the Arbitration Panel or which she waived by not presenting them in the arbitration proceeding. Plaintiff's Response ¶ 15. In any event, the Award makes it clear the Arbitration Panel had before it the same Card Agreement Plaintiff used "as the basis of her claim for arbitration." *See* Award at 14. Thus, they considered the same agreement attached hereto as Exhibit "B," which as discussed above is the Card Agreement Plaintiff used in her motion to compel arbitration. However, even if, *arguendo*, the Panel used the wrong card agreement, since there can be no real question as to whether or not there was an agreement to arbitrate, the Court must confirm the Award regardless of the "existence of error, clear error, or even gross error." *Akrap v. General Steel Domestic Sales, LLC.*, 2013 WL 6008928 * 1 (N.D. Ill. 2013). Further, since Plaintiff didn't make this argument before the Arbitration Panel she waived any right to make any such arguments before this Court. *Ganton Technologies, Inc. v. International Union, United Auto., Aerospace and Agricultural Implement Workers of America*, 358 F.3d 459, 463 (7th Cir. 2004). Federal courts routinely and summarily enter orders confirming arbitration awards and since Plaintiff failed to allege grounds to vacate the award under the Act this Court must confirm the Award. 9 U.S.C § 9, 10; *see e.g. Chelmowski v. AT&T Mobility LLC*, 2015 WL 231811, at *2 (N.D.Ill. 2015) (confirming the arbitration award); *see also Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994) (confirming the arbitration award).

II.     **This Court has subject-matter jurisdiction over the above captioned case.**

Plaintiff's Petition to Vacate implicates federal law and thus establishes that this Court has subject-matter jurisdiction. To determine whether subject-matter jurisdiction exists, this

Court should look to the language in the pleading—or in this case the Petition to Vacate. *Caterpillar, Inc. v. Williams,* 482 U.S.386, 392 (1987); *I-Wen Chang Liu v. Mar,* 2013 WL 1499179 (N.D. Ill 2013); *Carter v. Health Net of California, Inc.,* 374 F.3d 830 (9th Cir. 2004); *Greenberg v. Bear, Sterns & Co.,* 220 F.3d 22, 26 (2d. Cir. 2000). Whether or not this Court has subject-matter jurisdiction will therefore turn on the grounds for the Plaintiff's challenge of the Award. *I-Wen Chang Liu,* 2013 WL 1499179 (citing *Greenberg v. Bear, Sterns & Co.,* 220 F.3d 22, 26 (2d. Cir. 2000) which found a substantial federal question was presented and thus the court had subject-matter jurisdiction when the petitioner complained that the award was rendered in manifest disregard of federal law)); *Luong v. Circuit City Stores, Inc.* 368 F.3d 1109, 1111 (9th Cir. 2004); *Carter v. Health Net of California, Inc.,* 374 F.3d 830 (9th Cir. 2004) ("it is not the presence of the federal issues in an underlying arbitration that determines whether federal question jurisdiction exists, but rather the grounds asserted for federal review in a well-pleaded petition").

Here, Plaintiff's Petition to Vacate asks this Court to re-litigate her claims against Defendants based on her conclusory claim that the Arbitration Panel rendered the Award in manifest disregard of the law. . . and issued an award in favor of the Respondents." *See* Compl. ¶ 57.[3] The vast majority of Plaintiff's claims against Defendants in the arbitration arise under federal law and presented numerous questions regarding the interpretation of federal law. Indeed, the specific federal claims include claims under the Fair Debt Collection Practices Act, 15 U.S.C. ¶ 1629, *et seq.;* the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.;* the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.,* and the Truth in Lending Act, 15 U.S.C. §

---

[3] As discussed above, though Plaintiff uses phrases from Section 10 to try and show her arguments fall within an enumerated ground for vacature, a reading of her Petition to Vacate makes it clear she simply wants to re-litigate her various federal claims against Citibank, thus, she has implicated federal law.

1601. *See* Award at 3, 5-11; *see also* Compl. ¶ 8. Thus, the Petition to Vacate necessarily argues the Award should be vacated based on a manifest disregard of <u>federal law</u>. Further, the Petition to Vacate spends pages discussing statute of limitations which necessarily involve her federal question claims and improperly concludes that "that the Panel also exceeded its authority when it dismissed Petitioner's claim for exceeding the statute of limitations," and "that they "displayed bias by dismissing [Plaintiff's] claims under the statute of limitations but allowed the [Defendant] to proceed with an expired claim," which, again, implicates federal law since the Arbitration Panel found certain violations under her federal claims were time-barred. *See* Compl. ¶ 58-65, 68, Relief Sought at 10; *see* Award at 5.

"[F]ederal courts have a strong interest in ensuring that arbitrators interpret and apply federal law properly, even if within a wide range of tolerance." *Greenberg,* 220 F.3d at 26. Thus, once <u>Plaintiff</u> argued the Award was rendered in manifest disregard of federal law, despite the fact that this Court's review for manifest disregard of federal law is <u>severely limited</u> when determining whether to vacate or confirm the award, Plaintiff vested this Court with subject-matter jurisdiction. *Id.* (citing *DiRussa v. Dean Witter Reynolds Inc.,* 131 F.3d 818, 821 (2d Cir. 1997) (internal quotations omitted). Since this Court has full authority to grant Citibank's Motion to Confirm and Plaintiff failed to allege any grounds supporting vacature of the Award, this Court should now confirm the Award.

**FOR RELIEF**, Defendant, Citibank, N.A. respectfully requests that this Court grant its Motion to Confirm Award or Alternatively for Judgment on the Pleadings, confirm the Award, dismiss all Plaintiff's claims, enter the Arbitration Award as the final judgment of this Court, and grant such further relief as is appropriate.

Dated: May 20, 2015

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Todd A. Rowden

Todd A. Rowden
Emily L. Peel
Caroline Ackerman
55 East Monroe Street
37th Floor
Chicago, Illinois 60603
312-346-7500
FAX 312-580-2201
trowden@thompsoncoburn.com
epeel@thompsoncoburn.com
cackerman@thompsoncoburn.com

Attorneys for Defendant Citibank, N.A.