**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TARANEH VESSAL | ) |
| Plaintiff | ) |
| vs. | )     **CIVIL ACTION FILE** |
| | )     **CASE NO: 1:15-cv-02209** |
| CITIBANK (SOUTH DAKOTA) N.A. | ) |
| THE LAW OFICES OF BLATT, HASENMILLER, | ) |
| LEIBSKER & MOORE LLC, AND IRYNA | ) |
| MARTYNIV-NIRO, ESQ. | ) |
| Defendants | ) |

## PLAINTIFF'S OBJECTION TO DEFENDANT CITIBANK'S MOTION TO STAY AND DISMISS ANY FURTHER ARBITRATION PROCEEDINGS FILED BY PLAINTIFF

The Plaintiff in the above titled action respectfully submits her Response in Objection to the Motion filed by Defendant Citibank N.A. ("Citibank") in which the Defendant requests to stay and dismiss any further arbitration proceedings filed by Plaintiff. The Defendant's Motion should be denied due to Court's lack of subject matter jurisdiction 12(b)(1), Defendant's complaint failed to state a claim 12(b)(6) and under the Federal Arbitration Act, (9 U.S.C. § 1 et seq. (2012)).

1.　　Under the FAA (on which Citibank in part bases its Motion), the Court's power with regard to ordering or enjoining arbitration is strictly limited to determining whether the parties have entered into a valid arbitration agreement and/or failed to comply with it. (FAA § 4; see also id., § 3). The FAA does not endow the court with any power to decide legal defenses to any arbitration claim.

2.　　As Citibank's Motion expressly acknowledge, there is no dispute that the parties entered into a valid arbitration agreement. Likewise, it is self-evident that Citibank's action is

(1)

not an attempt to force compliance with the arbitration agreement, but rather to prevent Plaintiff from doing so by raising a res judicata defense, based on a prior arbitration proceeding between the parties .

3.    Res judicata is a legal defense to an arbitration claim, and therefore within the exclusive jurisdiction of the arbitrators not the court to decide, unless the arbitration agreement between the parties provides otherwise.

4.    The arbitration clause of the Citibank's Agreement which the parties negotiated is a very broadly worded clause which obviously was intended to encompass any legal defense to an arbitration claim, including the defense of res judicata. This is further demonstrated by the limited exception the parties carved out for disputes that would not be subject to arbitration . The exception does not refer to or in any way encompass a res judicata defense to an arbitration claim. This demonstrates that Citibank's Motion is contrary to established principles of existing law, and is therefore frivolous.

## STATEMENT OF UNDISPUTED FACTS

5.    This case initially arose out of a dispute regarding a credit card account that Plaintiff opened with Citibank.

6.    The Arbitration section of the card agreement itself occupies several pages and begins with the title "Arbitration" in large, bold font;

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT. INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.** (2)

**Agreement to Arbitrate**: Either you or we may without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (Called "Claims"). (emphasis added)

7.    In April of 2010, Citibank through its attorneys Blatt, Hasenmiller Leibsker & Moore LLC, Iryna Martyniv-Niro initiated a lawsuit against the Plaintiff.

8.    In November of 2010, Plaintiff filed a demand for arbitration with JAMS arbitration forum for a dispute over the credit card and for various violations of consumer protection statutes. For two years the Defendants refused to submit to arbitration, and fought to keep the case in court . This is contrary to their previous position of using arbitration against consumers when they feel it suits their purpose, as in these cases:

Hilburn v. Encore Receivable Mgmt., Inc., et.al (WL 1200949 (D.Or. 2007) (wrongful death).

Erika Miranda, v. Citibank (South Dakota) N.A., B218017, Decided 2010)), (employment dispute subject to arbitration). Hoffman v. Citibank (South Dakota), N.A.(546 F.3d 1078 (9th Cir. 2008) [Slip Op., at 14492] (Defense attorneys moved to dismiss the class action complaint and to compel arbitration of plaintiff's individual claims). Citibank, N.A. v. Stok & Associates, P.A., 387 Fed. Appx. 921 (11th Cir. 2010), cert .granted, 131 S. Ct. 1556 (2011)) (dispute  regarding Citibank's handling of a check). Smith v. Citibank, N.A., Case No. SACV 13-00748-CJC (C.D. Calif., June 18, 2013) (TCPA case in Student loan agreement ).

9.    The arbitration proceeded on March, 12th, 2013 at the JAMS office in Chicago. The Award was issued on June, 27th, 2013 and Plaintiff filed a Notice of Appeal. As the Award reflects, Citibank never challenged the legal validity of the arbitration clause or asserted that it

(3)

was not bound by the clause.

**Arbitrability of the new claims**

10.　　FAA expresses "a national policy favoring arbitration when the parties contract for

that mode of dispute resolution." Preston v. Ferrer, 552 U.S. 346, 349 (2008). The FAA's

framework, moreover, authorizes the federal courts to conduct only a limited review of discrete

issues before compelling arbitration, leaving the resolution of all other disputes to the arbitrators.

See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83–84 (2002). In addition to manifesting

a policy strongly favoring arbitration when contracted for by parties to a dispute, the FAA

establishes a "body of federal substantive law of arbitrability[ ] applicable to any arbitration

agreement within coverage of the Act," Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460

U.S. 1, 24 (1983), and also "supplies a procedural framework applicable in federal courts," Preston,

552 U.S. at 349. Under this framework, most disputes between parties to a binding arbitration

agreement are "arbitrable," meaning that they are to be decided by the arbitrators, not the courts.

See Howsam, 537 U.S. at 83–84. There is one exception to this general rule: unless the parties

"unmistakably" provide otherwise, courts are to decide "question[s] of arbitrability." Id. at 83. Such

questions include disputes "about whether the parties are bound by a given arbitration clause" or

"disagreement[s] about whether an arbitration clause in a concededly binding contract applies to a

particular type of controversy." Id. at 84. All other "questions which grow out of the dispute and

bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." Id.

at 84–85 (internal quotation marks omitted) (identifying time limits, notice, laches, and estoppel as

(4)

examples of arbitrable questions). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24–25.

11.     Citibank's motion does not identify any section of the FAA that specifically addresses the power of a court to enjoin an arbitration on res judicata grounds or authorizes it to do so.

12.     It is true that on May 11th, 2015 Plaintiff filed a demand for arbitration with JAMS but it is for newly discovered violations which occurred after the award was procured in addition to resolving the merits of the first arbitration. It is not, as Citibank avers, a rehash of all the old claims which have been decided. Therefore, Plaintiff's new claims, which have NOT been previously adjudicated, are a matter to be resolved in arbitration.

13.     In its motion to stay and dismiss further arbitration proceedings Citibank is attempting to convince the court that there is no further dispute between the parties because of the previous arbitration, which is patently false. The relief sought includes Plaintiff's proposed arbitration against Citibank to be foreclosed, which is beyond the powers of the court. Arbitration is a matter of contract. The Supreme Court Ruling, decided April 27, 2011, AT&T Mobility LLC v. Concepcion et al., states that courts must enforce arbitration agreements according to their terms. If there is an arbitration clause in the contract, that clause must be honored. Therefore, Plaintiff avers that Citibank's Motion requests that this court should do something it has no power to do.

**ARGUMENT**

**CITIBANK'S MOTION IS CLEARLY REFUTED BY THE FEDERAL ARBITRATION ACT**

14.     FAA not only does not support Citibank's position, it squarely refutes it. Citibank's

sole basis for its FAA argument is Section 13, which simply provides that a judgment be entered

as a result of its petition to confirm an arbitration. Section 13 does not address the scope of a court's

powers to decide arbitration claim defenses (such as res judicata) under the FAA.

15.     Citibank has failed to cite or discuss the one provision of the FAA that does set clear

parameters of the court's jurisdiction to decide arbitration defenses. Section 4 of the FAA gives a

party "aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written

agreement for arbitration" the right to petition the court "for an order directing that such

arbitration proceed in the manner provided for in such agreement." However, where "the making of

the agreement for arbitration or the failure to comply therewith is not in issue," the court is mandated

"to make an order directing the parties to proceed to arbitration in accordance with the terms of the

agreement." The jurisdictional mandate of FAA Section 4 is indisputably applicable where the court

obtains jurisdiction of a case.

16.     Pending is Plaintiff's Motion to dismiss Citibank's Judgement on the pleading for lack of

jurisdiction.. (Doc #26 )

17.     Citibank never suggested in arbitration, and has not suggested in this action, that the

arbitration clause of the Citibank's Card agreement is not valid and legally binding on Citibank.

And Citibank certainly does not allege that Plaintiff has failed to comply with the arbitration

agreement to the contrary, Citibank seeks to prevent Plaintiff from doing so.

18.     The limited circumstances in which a court is empowered to make arbitration-related

(6)

orders under FAA obviously does not encompass deciding the merits of a legal defense such as res judicata to an arbitration proceeding that has been brought under a legally valid arbitration clause; and no other Section of the FAA provides or even remotely suggests that the court has such power. Courts have universally recognized that the FAA creates a strong presumption in favor of arbitration that the courts must honor by strictly limiting their involvement in the arbitration process as the FAA provides.

19.   Res judicata is a legal defense to an arbitration, that like any other legal defense, must be resolved by an arbitration tribunal, not the court. The only recognized exception to this rule is if the arbitration agreement between the parties provides that the res judicata (or other) defense is to be decided by the court, which concededly is not the case here.

20.   Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Belco Petroleum Corp., 88 F.3d 129 (2d Cir.) *"Belco* 's claim of preclusion is a legal defense to National Union's claim . As such, it is itself a component of the dispute on the merits. *Belco*'s attempt to characterize the preclusion issues as not related to the merits is unavailing. It is as much related to the merits as any affirmative defenses such as a time limit in the arbitration agreement or laches, which are assigned to an arbitrator under a broad arbitration clause similar to the one in the [policy at issue]" Id. at 135-36 (Citation omitted and emphasis added). The Court added that the relevant arbitration clause was indeed broad enough to cover any preclusion issue raised as a defense.

21.   Emilio v. Sprint Spectrum, L.P., 315 F. App'x 322 (2d Cir. 2009). In *Emilio*, the district court granted a motion to compel arbitration and enjoined appellant from proceeding in

(7)

Kansas state court to enjoin the arbitration on res judicata grounds. The district court based its decision on "an arbitrator should decide the preclusive effect of prior judgment, because preclusion is a merit-based defense to arbitration" (Emilio v. Sprint Spectrum, L.P. , No. 08-CV-7147 BSJ, 2008 WL 4865050, at *2 (S.D.N.Y. Nov. 6, 2008).) The Second Circuit affirmed, and in the process also rejected appellant's argument that res judicata is a "gateway issue" which the court should decide before the parties are forced to arbitrate: "*Sprint* next argues that a court, instead of an arbitral forum, should have resolved the question of whether the Kansas order barred arbitration under the doctrine of res judicata . Although there is a "liberal federal policy favoring arbitration agreements," Moses H Cone Mem 'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), there is an exception to this policy in those "narrow circumstance[s] where contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate." Howsam v. Dean Witter Reynolds Inc. , 537 U.S. 79, 83-84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002). That narrow exception does not apply in this case because the parties clearly intended for the arbitrator to decide a defense of res judicata. *Sprint*, a sophisticated business entity, agreed to "arbitrate any and all claims, controversies or disputes . . . arising out of or relating to" its agreement with *Emilio.*"

22.     The first initial arbitration *Vessal vs Citibank et.al* was brought under the broadly-worded

(8)

arbitration clause of the Citibank's agreement, which states in relevant part:

All claims, relating to your account, a prior related account, or our relationship, are subject to arbitration. Including claims regarding the application, enforceability, or, interpretation of this agreement or this arbitration provision. All claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declatory relief) they seek. This includes claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; claims made as counter claims, cross claims or third-party claims, interpleaders or otherwise; and claims made independently or with other claims.

**WHOSE CLAIMS ARE SUBJECT TO ARBITRATION?** Not only ours or yours but also claims made by or against anyone connected with us or you or claiming through us or you, such as co-applicant or authorized user of your account ,an employee, agent, representative, affiliated company, predecessor or successor, heir, assignee or trustee in bankruptcy.

23.     Arbitration clause covers all creditors in the case with term "us". Not only "a creditor",

but the "creditor" named under the definition of "us" in the beginning of the Citibank's contract.

Furthermore, the obligation to arbitrate a dispute is not limited to those who have personally

signed a written agreement, rather, a non-signatory can be bound by an arbitration agreement

Arthur Andersen LLP v. Carlisle, 129 S. Ct. 1896, 1900 (2009).US Supreme Court held that

because the Federal Arbitration Act places arbitration agreements on equal footing with other

contracts, they are subject to "traditional principles of state law that allow a contract to be

enforced by or against nonparties to the contract through assumption, piercing the corporate

veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel."

24.     In the case at bar Plaintiff asserts claims are directly related to allegations of concerted

misconduct arising from both the signatory and non-signatories to the contract and are within

the scope of Citibank's arbitration clause.

(9)

25.      The fact that the arbitration clause states; "All "claims" no matter what legal theory they are based on or what remedy they seek", is conclusive proof that the arbitration clause covers it all. There is no question that the arbitration clause is legally binding on Citibank , or that the recently filed arbitration  falls within the clause-thus, there are no arbitrability issues which the court would be empowered  to  decide  under  the  FAA.

26.      Cynthia Johnson v. Western and Southern Life Ins, No. 14-3183 (7th Cir. 2015) "The district court's order does contain one misstep that we must address: By concluding that Johnson is "time-barred from now attempting to pursue arbitration," the district court improperly ruled on a matter that is presumptively reserved for the arbitrator". See BG Group plc v. Republic of Argentina, 134 S. Ct. 1198, 1206–07 (2014); Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85–86 (2002); Employers Ins. Co. of Wausau v. Century Indem. Co., 443 F.3d 573, 577 (7th Cir. 2006); Citigroup, Inc. v. Abu Dhabi Inv. Auth., 776 F.3d 126, 128–30 (2d Cir. 2015).

27.       In *Citigroup, Inc. v. Abu Dhabi Investment Auth.* When a prior federal judgment merely confirms an arbitration award through a limited procedure that does not involve consideration of the merits of the underlying claim no injunction may be issued to enjoin the subsequent arbitration. The Second Circuit rejected the notion of creating a hierarchy of judgments confirming arbitration awards between state confirmations and federal confirmations. Because the district court did not review the merits of the substantive claims or the context in which the underlying claims arose, the circuit court found that the district court was not the best interpreter of what was decided in the arbitration. Multiple cases have held that in most circumstances, and

(10)

certainly under the Federal Arbitration Act, the issue of whether a prior arbitration award will have a preclusive effect in a subsequent arbitration is for the second arbitration panel to decide. In other words, the mere act of confirming an arbitration award without ruling on and examining the merits of the underlying dispute and the arbitrators' award cannot convert the judgment into one that requires injunctive protection in order to preserve and enforce the judgment. The claim that the second arbitration was an assault on the federal judgment was rejected by the court. Tension between the competing concerns of the FAA's national policy favoring arbitration and the integrity of federal judgments was, in this case, resolved in favor of the FAA.

## CITIBANK'S CLAIM OF VEXATIOUS LITIGATION IS WITHOUT MERIT

28.     In its motion, in addition to intentionally misrepresenting (to this court) the character of the new arbitration filed, Citibank has attempted to paint Plaintiff as some sort of movie monster that won't stop suing entities, and does so without any legal basis. They cite all of Plaintiff's previous cases, but conveniently leave out the fact that all of them were resolved in Plaintiff's favor. They also conveniently disregard the fact that these cases were filed and resolved by a prestigious law firm. The advice of counsel defense should be a complete bar to such a scurrilous, baseless accusation. Liss v. United States, 915 F. 2d 287, 291 (7th Cir. 1990),"In order to establish an advice of counsel defense, a defendant must establish that: (1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the

(11)

defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had

been given a full report."

## CONCLUSION

Based on the foregoing, the Defendant has failed to set forth any reasonable argument to support

its position. Therefore, Defendant's Motion should be dismissed.

By: /s/ Taraneh Vessal

Respectfully submitted                              Plaintiff (Pro Se)
                                                    P.O. Box 4764
June 2nd , 2015                                     Oak Brook, IL. 60522-4764
                                                    tvessal@aol.com

## CERTIFICATE OF SERVICE

I, Taranch Vessal, certify that on June 2nd ,2015 , I electronically filed a copy of the foregoing; **PLAINTIFF'S OBJECTION TO DEFENDANT CITIBANK'S MOTION TO STAY AND DISMISS ANY FURTHER ARBITRATION PROCEEDINGS FILED BY PLAINTIFF.** with the Court using the CM/ECF system, which will automatically send copies to all registered counsel.

To:

The Law offices of THOMPSON COBURN LLP

55 East Monroe Street

37th Floor

Chicago, IL. 60603

312-346-7500

Fax: 312-580-2201

trowden@thompsoncoburn.com

epeer@thompsoncoburn.com

cackerman@thompsoncoburn.com

The Law Offices of Blatt, Hasenmiller, Leibsker & Moore LLC

10 South LaSalle St., Suite 2200

Chicago, IL. 60603

(312) 704-9440

Iryna Martyniv Niro Esq.

10 South LaSalle St., Suite 2200

Chicago, IL. 60603

iniro@bhlmlaw.com

By; /s/ Taranch Vessal

Plaintiff (*Pro Se*)

P.O Box 4764, Oak Brook, IL, 60522-4764

(312) 933-8257

tvessal@aol.com