UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARANEH VESSAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 CV 2209 |
| | ) |
| CITIBANK (SOUTH DAKOTA) N.A., | ) Judge Rebecca R. Pallmeyer |
| THE LAW OFFICES OF BLATT, | ) |
| HASENMILLER, LEIBSKER & MOORE LLC, | ) |
| AND IRYNA MARTYNIV-NIRO, ESQ. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case arises out of a dispute over credit-card debt. *Pro se* plaintiff Taraneh Vessal opened a credit-card account with Defendant Citibank[1] in 1988 and then closed it in 2009, she alleges, "because of Citibank's failure to investigate a dispute." At the time she closed the account, however, Vessal carried a significant outstanding balance, and, when she did not pay, Citibank filed suit against her in Illinois state court in 2010, seeking $23,659.65, plus costs. Vessal moved to compel arbitration pursuant to a clause in the parties' credit-card agreement. The result was not what she hoped for: the arbitrator ruled in Citibank's favor. Vessal appealed, but the arbitration appeal panel also ruled for Citibank, issuing a final award of $18,659.65.

Vessal returned to state court, seeking vacatur of the arbitration panel's award, but Citibank removed that lawsuit to this court on the basis of federal-question jurisdiction [1], and filed its own motion to enforce the arbitration award [11]. The case was originally assigned to Judge Bucklo of this court. Vessal moved to strike [15] Citibank's fourteen affirmative defenses

---

[1] Defendant Blatt, Hansenmiller, Leibsker & Moor LLC represented Citibank in its 2010 state-court suit against Vessal. Defendant Iryna Martyniv-Niro represented Citibank before the appellate panel.

[8]. After the case was reassigned to this court, Vessal sought remand, arguing that there is no subject-matter jurisdiction over the debt dispute [26]. She also moved to compel a third round of arbitration [41]. For its part, Citibank has asked the court to stay any additional arbitration proceedings that Vessal initiates, pending the outcome of this case [38]. The parties remain at odds, but, having reviewed the record, the court concludes that neither Vessal's petition to vacate nor Citibank's motion to confirm presents an independent ground for federal jurisdiction. The case is therefore remanded to the Circuit Court of DuPage County.

### **BACKGROUND**

In April 2010, Citibank filed suit against Vessal in the Circuit Court of DuPage County, seeking to recover $23,659.65, the amount Vessal allegedly owed on her closed credit account with the bank, plus costs. (Award of Nov. 17, 2014, hereinafter "Award", Ex. 1 to Notice of Removal, at 3–4.) Vessal moved to resolve the matter in arbitration per the terms of her credit-card agreement with Citibank ("the Agreement"), but the court denied that motion.[2] When Vessal appealed the ruling, however, Citibank agreed to arbitration. (*Id.* at 4.) After a hearing in March 2013, an arbitrator ruled in favor of Citibank. (*Id.*)

Vessal appealed that award. (*Id.*) According to the Agreement, any appeal was to be heard by a three-member arbitration panel, and that panel was required to "consider all factual and legal allegations anew following the same rules that apply to a proceeding using a single arbitrator." (Tr. of Arbitration Appeal of April 4, 2014, Ex. 1 to Def.'s Mem. in Support of Mot. to Enforce, at 40.) While the appeal was pending, Vessal learned that the panel had seen the initial arbitration award in Citibank's favor. She filed a motion seeking the panel's recusal, arguing that the panel had violated its obligation to hear the case "anew." The panel denied the motion as well as a subsequent motion to reconsider. (Award at 4.)

In response to Citibank's debt claim, Vessal raised numerous claims of her own, invoking a laundry list of federal consumer-protection laws. (*Id.* at 5–14.) Specifically, Vessal

---

[2] The record does not reveal the basis for the circuit court's decision.

2

relied on the following statutes: the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the Telephone Consumer Protection Act, 47 U.S.C. 227; the Fair Credit Reporting Act, 15 U.S.C. § 1681; the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; and the Fair Billing Act, 15 U.S.C. § 1666(a). (Award at 5–14.) The panel found each of Vessal's claims to be meritless, and issued an award of $18,659.54[3] in Citibank's favor in November 2014 ("the Award"). (*Id.* at 15.) Citibank's petition for attorney's fees was denied. (*Id.*)

Vessal petitioned the Circuit Court of DuPage County to vacate the Award in February 2015, alleging that the panel "acted in manifest disregard of the law, exceeded its powers, and violated [Vessal's] due process rights." (Pet. to Vacate, Ex. 1 to Notice of Removal, at 7.) Citibank removed the proceedings to this court in March 2015, and filed its own motion to enforce the arbitration award. Vessal now moves to dismiss the case for lack of subject-matter jurisdiction and asks the court to remand her petition to state court.

## DISCUSSION

Vessal argues that the court lacks subject-matter jurisdiction to either confirm or vacate the award. (*See* Pl.'s Resp. to Def.'s Mot. to Enforce [26] at 1–4.) The Constitution permits federal courts to hear only certain claims, including those between parties of diverse citizenship and "federal question" claims, i.e., those "arising under" the laws of the United States. U.S. Const. art. III, § 2, cl. 1; *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). The court may not exercise diversity jurisdiction here, because the amount in controversy—$23,659.65—is less than the $75,000 threshold established by 28 U.S.C. § 1332. Thus, subject-matter jurisdiction lies only if the instant case "arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[3] The award was $5,000 less than the amount sought by Citibank because the arbitration panel found that Citibank had failed to prove a disputed balance transfer in that amount. (*Id.* at 14–15.)

3

The fact that this suit arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, does not mean that Vessal's claims implicate federal law for purposes of § 1331. "The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." *America's Money Line, Inc. v. Coleman*, 360 F.3d 782, 784–85 (7th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)).

To determine whether a case arises under federal law in this context, courts look to the reasons asserted for vacating (or confirming) the arbitration award, not the subject matter of the underlying arbitration. *Minor v. Prudential Sec. Inc.*, 94 F.3d 1103, 1106 (7th Cir. 1996). Citibank argues that Vessal's petition raises a federal question because it "asks this Court to re-litigate her claims against Defendants . . . , the vast majority of [which] arise under federal law." (Def.'s Reply in Support of Its Motion to Confirm Award [28] at 5–6.)

Citibank undoubtedly gets two things right: (1) the claims that Vessal raised during arbitration were predominantly based on federal law; and (2) a federal question is generally presented when a petitioner alleges that arbitrators manifestly disregarded federal law, *see Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2d Cir. 2000) ("[W]here, as here, the petitioner complains principally and in good faith that the award was rendered in manifest disregard of federal law, a substantial federal question is presented and the federal courts have jurisdiction to entertain the petition."). What is far less clear, however, is whether Vessal's petition to vacate raises any federal question.

Closer inspection of Vessal's *pro se* petition reveals essentially three arguments. First, she claims that the arbitration panel violated the terms of the parties' arbitration agreement when it failed to consider the case "anew" on appeal. (Pet. at 7.) Second, she believes that the panel erred in concluding that Citbank's debt claim was not barred by the relevant Illinois statute

4

of limitations. (*Id.* at 7–9.) And finally, she alleges that the panel was biased against her. As evidence of its partiality, she points to the fact that the panel found her FDCPA claim was barred by the statute of limitations but that Citibank's debt claim was not. (*Id.* at 9-10.)

Of these arguments, only the third has any possible federal-law hook. But although Vessal mentions the panel's interpretation of the FDCPA as part of her bias claim, that peripheral reference to a federal statute is insufficient to satisfy § 1331. Federal-question jurisdiction lies only if the dispute involves a "substantial question of federal law," rather than a "mere incantation of a federal question." *Minor*, 94 F.3d at 1105 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). Vessal's petition does not raise any federal question, much less a substantial one. This is clear from Citibank's own motion to confirm, in which Defendant responds to Vessal's bias claim without making a single reference to the substance of the FDCPA or any other federal law (except the FAA). (Def.'s Mem. in Support of Mot. to Confirm [12] at 8–10.) As Vessal's petition to vacate does not present an independent basis for federal jurisdiction, the court may not adjudicate her claims. [4]

The same can be said of Citibank's motion to confirm the award. In its motion, Citibank simply asserts that the arbitration panel's decision in its favor should be confirmed because Vessal has failed to raise a meritorious ground for vacating the award under 9 U.S.C. § 10(a).

---

[4] It is not unusual for a defendant in a debt collection action to assert that the creditor has violated consumer-protection or fair-debt-collection laws. Even apart from the arbitration context, these circumstances would not support removal of the collection action to federal court. Citibank's state court action to collect the debt from Vessal does not allege a cause of action arising under federal law. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'") (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Federal questions only arose in Vessal's counterclaims, and a counterclaim raising issues of federal law cannot be the sole basis for removal. *See Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 832 (2002); *see also DLJ Mortg. Capital Inc. v. Rodis*, 2011 WL 3841384, at *1 (D. Nev. Aug. 29, 2011) (refusing to remove an eviction claim because defenses or counterclaims could not be used to create federal-question jurisdiction); *Blaser v. Bentley*, 2009 WL 2516260, at *1 (D. Utah Aug. 13, 2009) (same).

(*Id.* at 8.)  The only federal law meaningfully implicated by Citibank's motion is the FAA, which is irrelevant for purposes of jurisdiction under § 1331.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) is granted.  Citibank's motion to enforce or for judgment on the pleadings [11], Vessal's motion to strike [15], Citibank's motion to stay further arbitration proceedings [38], and Vessal's motion to dismiss and compel arbitration [41] are all stricken.  This case is remanded to the Circuit Court of DuPage County.  Civil case terminated.

ENTER:

Dated: February 8, 2016

REBECCA R. PALLMEYER
United States District Judge